[No. 18432.   Department One.—April 13, 1895.]

EMELINE A. WOODSIDE ET AL., RESPONDENTS, *v.* A. HEWEL, EXECUTOR, APPELLANT.

APPEAL—DISMISSAL—DEFECTIVE TRANSCRIPT—SUPPLYING NOTICE OF APPEAL.—Upon a motion to dismiss an appeal upon the ground of a defect in the transcript in omiting a notice of appeal from the judgment, the appellant may supply the defect, upon suggestion of a diminution of the record, by filing a certified copy of the omitted notice of appeal and of the undertaking given thereon, and in that case the appeal will not be dismissed.

ID.—CONSTRUCTION OF CODE—RULES OF COURT.—Section 954 of the Code of Civil Procedure, which provides that if the appellant fails to furnish the requisite papers the appeal may be dismissed, is to be construed in connection with the rules of the supreme court as to the correction of defects which may be cured upon suggestion of diminution of the record, and not as giving to the respondent the absolute right to a dismissal of the appeal upon the mere showing that the transcript filed is defective, but as authorizing a dismissal of the appeal if the defendant fails to furnish the requisite papers after the diminution of the record has been suggested.

ID.—EFFECT OF SECOND NOTICE OF APPEAL.—Where an appeal has been legally taken from a judgment, the including of an additional notice of appeal from the judgment, in the notice of appeal from the order denying a new trial has no effect, either as an original appeal or to impair the previous appeal pending.

MOTION to dismiss an appeal from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

*D. M. Delmas, W. H. Hatton,* and *L. W. Fulkerth,* for Appellant.

*J. H. Budd, L. J. Maddux,* and *P. J. Hazen,* for Respondents.

HARRISON, J.—Motion to dismiss an appeal.

February 20, 1894, the defendant filed and served his notice of appeal from the judgment herein that had been entered against him December 22, 1893. August 25, 1894, the superior court made an order denying the defendant's motion for a new trial, and on August 27th he took an appeal from the order. November 20, 1894, the appellant filed in this court a transcript on appeal, containing the judgment-roll, statement on motion for new trial, order denying the same, and notice of appeal therefrom, which notice contained also a notice of appeal from the judgment. The transcript did not contain a copy of the notice of appeal from the judgment that had been filed February 20, 1894. February 16, 1895, the respondents gave notice of the present motion to dismiss the first appeal from the judgment, upon the ground that no transcript on said appeal had been filed; and also to dismiss the second appeal from the judgment, upon the ground that by reason of the first appeal there was at that time no judgment pending in the superior court from which an appeal could be taken. The appellant, in response thereto, has suggested a diminution of the record, and has filed a certified copy of the first notice of appeal and of the undertaking given thereon.

Rule V of this court provides that if the transcript, though not filed within the time prescribed, be on file at the time the notice to dismiss the appeal for failure to file it within the prescribed time is given, that fact shall be a sufficient answer to the motion. The judgment-roll contained in the transcript that was filed by the appellant presented all the matters to be reviewed on the appeal from the judgment, but the notice of ap-

peal was omitted from the transcript. Section 950 of the Code of Civil Procedure provides that " On an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case upon which the appellant relies"; and section 954 provides that " If the appellant fails to furnish the requisite papers the appeal *may* be dismissed." Rule XIV of this court provides that, upon the suggestion by either party of any error or defect in the transcript, the same may be corrected by producing and filing a certified copy of the omitted record. By rule XV it is provided that any objection to the right of the appellant to be heard, or any exception to the sufficiency of the transcript which might be cured on the suggestion of a diminution of the record, must be taken and notified to the appellant prior to the hearing, and that the objection to the hearing of the appeal shall not prevail unless the appellant shall fail to file such additional record after having been so notified.

The provision of section 954 of the Code of Civil Procedure, above quoted, is to be construed in connection with these rules, and not as giving to the respondent the absolute right to a dismissal of the appeal upon the mere showing that the transcript as filed is defective, but as authorizing a dismissal of the appeal if the appellant "fails" to furnish the requisite papers after the diminution of the record has been suggested, as provided by rule XV.

The including of an additional notice of appeal from the judgment in the notice of appeal from the order denying a new trial had no effect, either as an original appeal or to impair the one then pending.

The motion is denied.

GAROUTTE, J., and VAN FLEET, J., concurred.