[Civ. No. 373.  Fourth Appellate District.—March 27, 1931.]

HAZEL TOTH, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Appellant.

Knight, Boland & Christin for Appellant.

Rowen Irwin, J. O. Reavis and R. W. Henderson for Respondent.

JENNINGS, J.—Motion by respondent to dismiss an appeal. ▪ The motion is based on the ground that the appellant did not file its points and authorities within the time prescribed by the provisions of section 4 of rule I of the rules of this court. The transcript was filed on February 2, 1931. The time for appellant to file its opening brief expired, therefore, on March 4, 1931. Notice of the presentation of this motion was given by mail. The affidavit of mailing shows that a copy of the notice of motion, properly addressed to counsel for appellant, was deposited in the United States Post Office at Bakersfield, California, on March 5, 1931. The notice of motion was filed in the office of the clerk of this court on March 5, 1931. An affidavit

filed by counsel for appellant shows that appellant's opening brief, addressed to the clerk of this court, was deposited in the United States mail at San Francisco, California, on March 5, 1931. Appellant's opening brief was filed in this court on March 6, 1931. The motion to dismiss the appeal herein was noticed for presentation on March 24, 1931, and was presented on that day.

In support of their contention that the appeal herein should be dismissed, counsel for respondent rely upon rule V of the rules of this court, wherein it is provided that if the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. It is contended that notice of the motion to dismiss the appeal was given by depositing a copy of the notice of motion, properly addressed, in the United States mail at Bakersfield, California, on March 5, 1931, and that on that date the service of the motion to dismiss the appeal was complete (sec. 1013, Code Civ. Proc.).

Rule V of the rules of this court provides as follows: "If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." In *Jacques* v. *Board of Supervisors*, 22 Cal. App. 627 [135 Pac. 686, 688], the court used the following language: "Besides, although the language of rule V is that if the transcript, not having been filed within the time prescribed 'be on file at the time *the notice is given,* that fact shall be a sufficient answer to the motion' it has been held that if the transcript, properly authenticated by the clerk of the Superior Court has been filed *prior to the hearing of the motion,* the ground for the motion has thereby been removed. (*In re Ryer,* 110 Cal. 560 [42 Pac. 1082] ; *Woodside* v. *Hewel,* 107 Cal. 141 [40 Pac. 103] ; *Warren* v. *Hopkins,* 110 Cal. 506 [42 Pac. 906] ; *Poole* v. *Grand Circle, Women of Woodcraft,* 17 Cal. App. 229 [119 Pac. 201].)"

Furthermore, the affidavit of counsel for appellant shows that the appeal has been taken and is presented in good faith and it is obvious that the slight delay complained of has not appreciably postponed the hearing of the appeal on its merits (*Tyner* v. *Axt,* 111 Cal. App. 187 [295 Pac. 97] ;

*Fishman* v. *Silva,* 108 Cal. App. 121 [291 Pac. 430]; *Righetti* v. *Monroe etc., Inc.,* 106 Cal. App. 346 [289 Pac. 650]).

The motion to dismiss the appeal herein is denied.

Barnard, P. J., and Marks, J., concurred.