[Civ. No. 875. Fourth Appellate District.—June 10, 1931.]

## C. C. NORTH, Respondent, v. LILLIAN E. EVANS, Appellant.

Titus & Macomber for Appellant.

S. G. North for Respondent.

JENNINGS, J.—Motion by respondent to dismiss an appeal. The motion is made on the ground that the appellant did not file with this court points and authorities within the time prescribed by the provisions of section 4 of rule I of the rules of this court. The transcript was filed on March 25, 1931. The time within which appellant was permitted to file her opening brief expired therefore on April 24, 1931. Notice of the presentation of this motion was served on counsel for appellant on April 27, 1931, and was filed on the same date. The motion was noticed for presentation on May 12, 1931, and was presented before this court on that date. On May 6, 1931, appellant's opening brief was served and filed.

This motion to dismiss the appeal is made in pursuance of the provisions of rule V of the rules of this court wherein it is provided that if appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending.

Counsel for the respective parties herein have filed affidavits in support of this motion and resisting the granting of it. The affidavit of counsel for appellant resisting the granting of the motion contains the declaration that the appeal herein is not frivolous; that it is taken in good faith and in the belief on the part of counsel that the judgment rendered by the trial court in this action should be reversed. This affidavit further shows that counsel for appellant, upon receiving notice from the clerk of this court that the transcript had been filed with the court, instructed a stenographer in his office to make a notation that April 25, 1931, was the last day upon which the opening brief might be filed, but that said stenographer inadvertently and through mistake made the notation that May 5, 1931, was the last day for filing the opening brief. The affidavit of counsel for appellant further shows that since the first week of April, 1931, and up to the date on which the motion to dismiss the appeal was presented in this court, counsel for appellant was engaged in the trial of cases in court and in his office practice.

Rule V of the rules of this court provides that "if the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion".

In *Jacques* v. *Board of Supervisors*, 22 Cal. App. 627 [135 Pac. 686], it was held that if a transcript has been filed prior to the hearing of the motion to dismiss the appeal the ground for the motion has thereby been removed. While the above-quoted language from rule V specifically provides that the filing of the transcript or the points and authorities at any time prior to the date of giving notice of a motion to dismiss an appeal shall be sufficient answer to the motion, the recent decisions of the courts have extended it to include cases wherein the opening brief, although not filed with the court at the time the notice is given, is on file when the motion is presented to the court (*Toth* v. *Metropolitan Life Ins. Co.*, 113 Cal. App. 55 [297 Pac 564]; *Tyner* v. *Axt*, 111 Cal. App. 187 [295 Pac. 97]; *Fishman* v. *Silva*, 108 Cal. App. 121 [291 Pac. 430]; *Righetti* v. *Monroe, Lyon & Miller, Inc.*, 106 Cal. App. 346 [289 Pac. 650]).

The extension of the rule indicated by the decisions in the cases hereinabove cited is made particularly in those cases wherein there has been filed an affidavit of merits and in which it does not appear that the slight delay complained of has appreciably delayed the hearing of the appeal on its merits.

The motion to dismiss the appeal herein is denied.

Barnard, P. J., and Marks, J., concurred.