[Civ. No. 8431. Second Appellate District, Division One.—July 30, 1932.]

GEORGE E. DALTON, Respondent, v. LOS ANGELES COLLEGE OF CHIROPRACTIC (a Corporation) et al., Defendants; CHARLES HENRY WOOD, Appellant.

Joe Crider, Jr., and Elber H. Tilson for Appellant.

Stephen Monteleone for Respondent.

CONREY, P. J.—This motion to dismiss appeal or affirm the judgment is made upon the ground that the appeal is taken for delay only, and on the further ground that the questions upon which the decision of the cause depends are so unsubstantial as not to need further argument. The motion is based upon appellant's opening brief, and on the transcript, and on the points and authorities of respondent in support of the motion.

This motion is made under the new section 3 of rule V of the Rules of the Supreme Court and District Courts of Appeal, which was printed in "The State Bar Journal" of June, 1932, at page 138. This is a new section which became effective July 1, 1932, and this is the first motion which has been presented for consideration to this court under the new rule. The new section reads as follows: "At any time after the filing of the opening brief of an appellant in a civil action, the respondent may, upon due notice, move for a dismissal of the appeal or an affirmance of the judgment or order on the ground that the appeal was taken for delay only or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. A motion to dismiss may be

united in the alternative with a motion to affirm. Although the court may, upon consideration of the motion to dismiss or the motion to affirm, refuse to grant the motion, it may, if it concludes that the case is of such a character as not to justify further argument, order the cause transferred to a 'ready for submission docket'. Causes on the 'ready for submission docket' will be submitted and disposed of from time to time as the regular order of business will permit. If the respondent's brief is not on file at the time the motion is heard, the service and filing of the notice of motion to dismiss or affirm shall extend the time for filing respondent's brief until the expiration of ten days after decision of the motion, or such further time as the court may allow. The court, on its own motion, may issue an order to show cause why an appeal from any such judgment or order should not be dismissed or the judgment or order be affirmed on the ground that the appeal is frivolous or otherwise without substantial merit. If a dismissal of the appeal or an affirmance of the judgment be not ordered on the hearing of the order to show cause, the case may be transferred to the 'ready for submission docket' and be disposed of in like manner as on a motion to dismiss or affirm." In the same number of "The State Bar Journal," page 133 thereof, in an article concerning the new rule, the following statement is made: "The genesis of this rule is found in rule 7, subdivisions 4 and 5, of the Supreme Court of the United States, promulgated in principle as early as December 22, 1911, and continued in amendments to the rules effective July 1, 1925, and July 1, 1928 (Pocket Supp., p. 10, vol. 1, U. S. Digest, 50 Sup. Court Rep. xxix), which provide as follows: 4. The court will receive a motion to affirm on the ground that it is manifest that the appeal was taken for delay only, or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The procedure provided in paragraph 3 of this rule for motions to dismiss shall apply to and control motions to affirm. A motion to affirm may be united in the alternative with a motion to dismiss. 5. Although the court upon consideration of a motion to dismiss or a motion to affirm may refuse to grant the motion, it may, if it concludes that the case is of such a character as not to justify extended argument, order the cause transferred for

hearing to the summary docket. The hearing of causes on such docket will be expedited from time to time as the regular order of business may permit. A cause may be transferred to the summary docket on application, or on the court's own motion. See rule 28, paragraphs 3 and 6.

"In the case of *Grubb* v. *Public Utilities Com., etc.,* 281 U. S. 470 [74 L. Ed. 972, 50 Sup. Ct. Rep. 374], decided in 1930, the court, in commenting upon this rule (rule 7, sec. 4), says: 'The appellees now have interposed a motion under section 4, of rule 7, of the rules of this court, that the decree be affirmed without awaiting oral argument upon the ground that the objections taken to the decree are so unsubstantial as not to admit of debate; and the parties have submitted full briefs in this connection. . . . We think it follows from what has been said that the objections taken to the decree below are so unsubstantial that the motion to affirm without awaiting oral argument should be sustained. Decree affirmed.'

"To the same effect are numerous other cases, indicating the court's inclination to dispose of cases upon motion to affirm on the ground that the objections taken to the decree below are so unsubstantial as not to admit of debate.

"For the purposes of the motion to dismiss, says the Supreme Court of the United States in *Louisville N. R. R. Co.* v. *Melton,* 218 U. S. 36, 49 [47 L. R. A. (N. S.) 84, 54 L. Ed. 921, 30 Sup. Ct. Rep. 676], the issue is whether it is apparent that the question has been so explicitly foreclosed as to leave no room for contention, and hence cause the question to be frivolous. The court, however, in this particular case, on motion to dismiss held that the contention should not prevail even though it be admitted that a careful analysis of previous cases would manifest that they are decisive of the case at bar.

"These references to the rulings of the Supreme Court of the United States are illustrative of the position taken by that tribunal upon such motions. In fact, by reason of this and other expeditionary procedure, the Supreme Court of the United States is able to keep abreast of its docket.

"The new section 3, of rule 5, of the rules of the Supreme Court and District Courts of Appeal, is designed to accomplish this same purpose and to enable the court to place in a reservoir of cases that may be submitted from time to

time, as the opportunity arises, all cases in which the court feels that the appeal was taken for delay or is not meritorious.''

In appellant's brief on this appeal it is said the questions involved are: ''whether or not appellant was guilty of malpractice; and whether or not malpractice of a chiropractor can be established by the testimony of a physician or surgeon.'' ■ The first question is in substance a question arising out of appellant's contention that the evidence is insufficient to support the implied finding of the jury that the treatment administered by the defendant to the plaintiff was a treatment administered negligently and proximately resulted in the burns and other injuries alleged in the complaint. The alleged injuries occurred in connection with the application to the person of plaintiff by the defendant of an electrical appliance known as a diathermy machine. There is abundant evidence showing that appellant was a chiropractor engaged in practice as a chiropractic physician; that the plaintiff was his patient; that the diathermy machine was used by the defendant in the course of his treatment of the plaintiff and that the treatment, if administered in the manner described by some of the testimony, was improperly and negligently applied. Under these circumstances there are numberless authorities that a judgment will not be reversed merely because there is a conflict in the evidence.

■ The second question suggested by appellant rests upon his contention that the court erred in admitting testimony of men of schools other than the chiropractic school to which appellant belonged, as to whether the treatment given was proper or improper; and particularly that the court permitted the witness Dr. Monteleone to give his opinion as to whether or not the treatment given in this particular case was proper or improper; all over the objection of appellant. Dr. Monteleone was a physician who, according to his own testimony, had professional experience in the observation and treatment of large numbers of cases wherein patients were burned in a variety of ways, including electrical burns. It also appeared that the use of diathermy is not peculiar to chiropractic practice, but is taught and included in the practice of the various schools of medicine; that the principal books and journals which discuss dia-

thermy and the use of diathermy machines are written by medical authorities other than those of the chiropractic school. From these facts it is clear that Dr. Monteleone was a competent witness on the subject, notwithstanding the fact that he is not a chiropractic physician. (*Hutter* v. *Hommel*, 213 Cal. 677 [3 Pac. (2d) 554].)

Since it thus appears that, in the words of said section 3, rule V, "the questions on which the decision of the cause depends are so unsubstantial as not to need further argument", and that on the very face of the record the appeal is without merit, it is ordered that the judgment be and the same is hereby affirmed.

Houser, J., and York J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 27, 1932.