[Civ. No. 1024. Fourth Appellate District.—August 5, 1932.]

DONALD SNODGRASS, a Minor, etc., Respondent, v. HENRY W. HAND et al., Appellants.

Edward J. Kelly for Appellants.

Stickney & Stickney for Respondent.

MARKS, J.—This is a motion to dismiss an appeal from a judgment of the Superior Court of San Diego County because of the failure of appellants to file their record on appeal within the time specified in section one of rule I of the Rules of the Supreme and District Courts of Appeal of the state of California, and seeking to invoke the penalty for the failure to so file the record prescribed in section one of rule V of the same rules.

The judgment in question was rendered on July 31, 1931. A motion for new trial was denied on September 29, 1931, and notice of this order served on either September 30 or October 1, 1931. Notice of appeal was filed October 9, 1931. On October 9, 1931, an order was signed by a superior judge of the court below giving defendants until November 9, 1931, in which to settle and file a bill of exceptions. Various other similar orders were signed and filed, the last of which purported to give appellant to July 10, 1933, to settle and file the bill of exceptions. We suppose that *1933* is a typographical error. The notice of motion to dismiss, certificate of the clerk, affidavits and points and authorities were filed here on June 29, 1932. On July 6, 1932, appellants filed their printed transcript on appeal and on July 8th filed their opening brief. Appellants filed their points and authorities and an affidavit of their attorney, wherein is set forth that they have a good and meritorious cause on appeal, the reasons for delay in having the bill of exceptions settled and filed, and seeking relief from default under section 473 of the Code of Civil Procedure, if it be considered they were in default. The motion to dismiss was made, argued and submitted in

this court on July 12, 1932. The transcript on appeal bears the following indorsement:

"Due service of the within transcript, and receipt of copy thereof is hereby admitted this 6 day of July, 1932.
"STICKNEY & STICKNEY,
"Attorneys for plaintiff and respondent."

Section one of rule I of the rules adopted for this court by the Judicial Council provides in part as follows: "The appellant in a civil action shall, within forty days after an appeal is perfected, except as hereinafter stated or as otherwise provided by law, serve and file the printed transcript of the record, duly certified to be correct by the attorneys of the respective parties, or by the clerk of the court from which the appeal is taken. If a proceeding for the settlement of a bill of exceptions which may be used in support of such appeal is pending or may still be instituted, the time aforesaid shall not begin to run until the settled and authenticated bill of exceptions has been filed, or the time in which a proceeding for such a bill of exceptions may be instituted has expired, or such proceeding, if instituted, has been dismissed by the trial court."

Section one of rule V of the same rules provides the penalty that may be enforced here for failure to file the record in time. This rule has been construed in *Toth* v. *Metropolitan Life Ins. Co.*, 113 Cal. App. 55 [297 Pac. 564, 565]), as follows: "Rule V of the rules of this court provides as follows: 'If the transcript, or the points and authorities, though not filed within the time prescribed be on file at the time such notice is given, that fact shall be sufficient answer to the motion.' In *Jacques* v. *Board of Supervisors*, 22 Cal. App. 627 [135 Pac. 686, 688], the court used the following language: 'Besides, although the language of rule V is that if the transcript, not having been filed within the time prescribed "be on file at the time *the notice is given*, that fact shall be a sufficient answer to the motion" it has been held that if the transcript, properly authenticated by the clerk of the Superior Court has been filed *prior to the hearing of the motion*, the ground for the motion has thereby been removed. (*In re Ryer*, 110 Cal. 560 [42 Pac. 1082]; *Woodside* v. *Hewel*, 107 Cal. 141 [40 Pac. 103]; *Warren* v. *Hopkins*, 110 Cal. 506 [42 Pac. 906]; *Poole* v. *Grand Circle, Women of Woodcraft,*

17 Cal. App. 229 [119 Pac. 201].)' '' See, also, the cases of *Fishman* v. *Silva*, 108 Cal. App. 121 [291 Pac. 430], *Tyner* v. *Axt*, 111 Cal. App. 187 [295 Pac. 97], and *North* v. *Evans*, 114 Cal. App. 714 [300 Pac. 893].

The motion to dismiss the appeal is denied.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 29, 1932.