[Civ. No. 802. Fourth Appellate District.—September 16, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants, v. THE LOS ANGELES-INYO FARMS COMPANY (a Corporation) et al., Respondents.

Erwin P. Werner, City Attorney, Mark L. Herron, Assistant City Attorney, F. M. Bottorff and Carl A. Davis, Deputies City Attorney, and T. B. Cosgrove for Appellants.

Chase, Barnes & Chase, Swallow & Richards and H. B. McClure for Respondents.

MARKS, J.—This is a motion to dismiss the appeal or affirm the judgment made under the provisions of section 3, Rule V, Rules for the Supreme Court and District Courts of Appeal, which became effective on July 1, 1932. It is recited in the moving papers that the ''Motion will be based

upon the clerk's transcript on appeal, the reporter's transcript on appeal, upon the appellants' opening brief and respondents' brief.'' From this statement it would appear that respondents expect this court, in deciding the motion, to examine the same records that it would have to review were the case submitted on its merits. If we should undertake to do this it would result in a practical advancement of the cause on the calendar by use of this motion. If the motion were denied we would have to review the same ground a second time, after the submission of the case on its merits and also write a second opinion. We do not understand the purpose of the rule to be to greatly increase the work and time that the members of this court must devote to cases pending before it.

█ Until a different interpretation of the rule is given us, we have concluded that ordinarily we should examine and carefully consider all papers filed on the hearing of the motion and the appellants' opening brief. If, after so doing, in the ordinary case, we are satisfied that the appeal is without any merit, the motion should be granted; otherwise, it should be denied. The court may then put the case on the ''Ready for Submission Docket''. The following cases have been decided under this new rule: *Dalton* v. *Los Angeles College of Chiropractic*, 125 Cal. App. 196 [13 Pac. (2d) 546]; *Thomas* v. *Caine*, 125 Cal. App. 201 [13 Pac. (2d) 548]; *Sumner* v. *Edmunds*, 125 Cal. App. 487 [13 Pac. (2d) 1046].

In examining the appellants' opening brief we find the following three questions presented for consideration: (1) Error of the trial court in overruling appellants' objection to a hypothetical question propounded by respondents' counsel to one of their witnesses; (2) Was the allowance of $13,200 by the trial court as fees for the services of the attorneys for respondents in preparing the case for trial, but not trying it, so unreasonable, excessive and unjust as to constitute a clear abuse of discretion; (3) Was the expense in the sum of $1622.64 allowed as fees for two engineers who were to be used as expert witnesses by respondents a necessary expense incurred in preparing the cause for trial?

█ From a reading of the appellants' opening brief it would seem that the objection made to the hypothetical question should have been sustained. Before we can hold

the improper admission of evidence prejudicially erroneous, we are required to make "an examination of the entire cause, including the evidence". (Sec. 4½, art. IV, Const.)

In *Libby* v. *Kipp*, 87 Cal. App. 538 [262 Pac. 68, 71], it is said:

"It is for this reason that the matter of awarding compensation for professional services, when that service is rendered by an attorney, is left, to so great a degree, in the judicial discretion of the trial court, so much so that unless the sum allowed ·is plainly and palpably exorbitant and such as shocks the conscience of an appellate court, the determination of the trial court will not be disturbed."

From the considerable portions of the record incorporated in appellants' opening brief, it would seem that the award of $13,200 as attorneys' fees for preparing this case for trial, but not trying it, was quite liberal. Whether or not the amount awarded would shock the judicial conscience of this court could only be determined after a careful study of the entire record.

It is unnecessary to consider the third ground for reversal of the judgment as it is apparent that we should carefully review the entire record before deciding the two questions already mentioned by us.

If we are correct in our conclusion that we should not be expected to review the entire record in ruling upon motions made under the rule in question, the motion before us should be denied.

Motion denied.

Barnard, P. J., and Jennings, J., concurred.