[Civ. No. 660. Fourth Appellate District.—September 20, 1932.]

M. E. BROWN, Appellant, v. MABEL BRIGHTMAN GOW, as Executrix, etc., Respondent.

Martin J. Coughlin for Appellant.

Zach Lamar Cobb and Earl A. Littlejohns for Respondent.

JENNINGS, J.—This is a motion to dismiss an appeal or to affirm the judgment of the trial court. The notice of motion filed herein specifies that the ground of the motion is that the questions upon which the decision of the cause depends are so unsubstantial as to require no further argument and the appeal is entirely lacking in merit. It is further specified in the notice of motion that it will be based upon "Appellant's Opening Brief, the Clerk's Transcript, the Reporter's Transcript, and the Points and Authorities of respondent in support of this motion served and filed herewith."

The motion is presented pursuant to the provisions of the new section 3 of Rule V of the Rules for the Supreme Court and District Courts of Appeal, which became effective on July 1, 1932. Unsubstantiality of questions involved in the appeal is made the principal ground for invoking the power of an appellate tribunal wherein the appeal is pending to dismiss such appeal or to affirm the judgment or order from which the appeal is taken. If this unsubstantiality is apparent upon consideration of appellant's opening brief alone, invocation of the power to dismiss an appeal or to affirm a judgment is manifestly proper and in strict conformity with the obvious purpose of the rule, viz.: The more rapid disposition of appeals. If, however, consideration of appellant's opening brief, together with the assistance furnished by the argument of counsel for respondent and the points and authorities filed in support of the motion

to dismiss does not enable the appellate court to arrive at a decision that the appeal lacks merit and final decision of the motion requires examination of the entire record, a different problem is presented. The logical effect of the latter procedure will be to make of the motion to dismiss, in reality, a motion to advance, on the calendar of the appellate court, appeals there pending. A second and not less important effect produced thereby is that in all cases where the motion to dismiss or to affirm is denied the reviewing court will be required twice to examine the entire record. While the expeditious disposal of appeals is a "consummation devoutly to be wished for" the adoption of a policy with respect to the rule under consideration whose effect will be, in many instances, to double the labors of the reviewing court and materially to increase the time required for examination of appeals, may well defeat the very end desired. It is, therefore, our opinion that when it can be determined from appellant's opening brief alone that the questions involved in the appeal are so unsubstantial as to require no further elucidation, a motion of the character here considered should be granted. If, however, in the ordinary case, the unsubstantiality cannot be thus determined and an examination of the entire record is required for such determination, a motion to dismiss or to affirm the judgment should be denied.

██ In the appellant's brief filed herein the questions involved are thus stated:

"I. Is the evidence insufficient to support the findings:

"a. That the amount paid plaintiff was the agreed and reasonable wage where the only evidence is admissions by deceased that he owed plaintiff a larger amount, and where amount paid is not the wage prescribed by law for women.

"b. That plaintiff's claim was paid, where only evidence is receipt which the uncontradicted and only evidence shows was given in connection with another transaction.

"II. That said findings are erroneous.

"III. Did the court err in excluding evidence as to book account kept by plaintiff, and in admitting checks and receipts without foundation as to whom or for what given."

Consideration will first be given to the third of the above stated questions. It is the contention of appellant that the court committed two errors in the exclusion and admission

of certain evidence and that these errors warrant a reversal of the judgment. The first of the alleged errors consists of the exclusion by the court of a certain book account kept by appellant. The second error charged consists in the admission by the court of certain receipts and checks without showing to whom such checks and receipts were delivered, or for what purpose or to cover what accounts. Objection is also made that the court erred in admitting sixteen check stubs from the check-book of respondent's testator without any showing that the checks corresponding with the stubs were ever delivered to appellant, or that they were paid. Respondent, on the other hand, states that a proper foundation for the admission of the receipts and checks was laid and cites the name of a certain witness who, it is claimed, testified that each receipt was signed by appellant and that each check offered in evidence bore her indorsement. It is also declared that a second named witness identified the signature of respondent's testator to each check. Appropriate reference is made to the exhibits and to the pages and lines of the reporter's transcript where the testimony to which reference is made is to be found. As to the stubs from the check-book, it is declared that they were immaterial because of the production of other evidence which, it is claimed, showed payment to appellant by respondent's testator during the period when the checks corresponding to the stubs were issued. It is apparent that, for the proper determination of this question of the admissibility of the receipts, checks, and check stubs, examination of the record is required, first, for the purpose of discovering whether a proper foundation for the admission of the instruments was laid and second, whether, although error may have been committed in their admission, such error was so prejudicial to appellant's rights as to require a reversal of the judgment therefor.

With reference to the first and second questions, we are likewise of the opinion that proper determination of them will require an examination of the entire record herein.

In accordance, therefore, with our hereinabove announced view of the rule here considered, it is our opinion that respondent's motion should be denied. It is so ordered.

Barnard, P. J., and Marks, J., concurred.