[Civ. No. 8036.   Second Appellate District, Division One.—October 4, 1932.]

TEC–ART STUDIOS, INC., OF CAL. (a Corporation), Respondent, v. FASHION FEATURE STUDIOS, INC., LTD. (a Corporation), Appellant.

Milton M. Cohen and C. M. Booth for Appellant.

Don Marlin for Respondent.

CONREY, P. J.—Comes now the respondent and moves to dismiss the appeal of defendant from the judgment in this action, or to affirm the judgment, on the ground that the appeal is taken for delay only, and on the further ground that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. The motion is presented under section 3 of rule V of the rules of practice in this court. The text of said section 3, with some general comments thereon, may be found in *Dalton* v. *Los Angeles College of Chiropractic*, 125 Cal. App. 196 [13 Pac. (2d) 546]. It is a rule which provides for the dismissal of an appeal or affirmance of the judgment when in the opinion of the court the record justifies such dismissal or affirmance upon either of the grounds above stated.

In appellant's brief it is said that the judgment was based on the supplemental complaint which was filed in

lieu of the original complaint by leave of court during the progress of the trial; that the supplemental complaint alleges that the defendant became indebted to the plaintiff in a stated sum "by virtue of a certain contract and lease dated September 21, 1929, and June 7, 1930, respectively"; that therefore it became necessary for respondent to prove the execution by appellant of the two contracts and to prove the amount due and owing under each contract; that the only contract in evidence is the contract of June 7, 1930. The only points presented in support of the appeal are that there is a total failure of proof, and that there is a fatal variance between the proof and the allegations of the supplemental complaint.

But the record shows that the original complaint did allege the execution of both contracts. As to each contract it was alleged that there had become due from defendants a stated sum. The answer of appellant, properly construed, admitted the execution of the contracts, but denied that the amounts of indebtedness alleged in the complaint had accrued. This was further confirmed by the separate defense, wherein appellant alleged the execution of each of said contracts.

The complaint named as defendants, "Fashion Feature Studios Inc. Ltd." (appellant herein), and "Fashion Feature News, Inc.", and certain individual defendants. The supplemental complaint named appellant as a defendant, but omitted the individual defendants and substituted the name, "Fashion Feature Studios, Inc.", instead of "Fashion Feature News, Inc." It appears from the Reporter's Transcript (page 55) that the supplemental complaint was filed for the purpose of including in the demand an additional amount which had accrued under the contracts during the interval of time since the filing of the original complaint, and also for the purpose of making the substitution of corrected name as above stated. Under the evidence the substitution of names was really not material. This is so, because the evidence shows that there were not two corporations, but there was one corporation only, and appellant is that corporation. The confusion of names arose out of the fact that in the contract of September 21, 1929, appellant was named "Fashion Feature News Inc.", although the officer who executed it was appellant's presi-

dent, Mr. Gibson. The supplementary agreement of June 7, 1930, shows, as the testimony of witnesses also shows, by entirely clear inference, that the contracts were contracts of appellant, and that in all probability the named co-defendant does not exist.

█ The amount of the judgment was determined by means of a referee's report, prepared from the books and records of the parties, under a stipulation for such reference. There were no exceptions to the referee's report.

The motion is granted and the judgment is affirmed.

Houser, J., and York, J., concurred.