[Civ. No. 820. Fourth Appellate District.—December 22, 1932.]

SELMA S. NELSON, Respondent, v. NATIONAL GUARANTY LIFE COMPANY (a Corporation), Appellant.

Feemster, Perkins & McCormick for Appellant.

J. A. Chase for Respondent.

JENNINGS, J.—This is a motion to dismiss an appeal or to affirm the judgment rendered by the trial court. The grounds stated in the notice of motion are that the appeal was taken for delay only and that the questions on which decision of the cause depends are so insubstantial as to require no further argument. The language of the motion follows strictly the verbiage of section 3, Rule V, of the rules promulgated for the Supreme Court and the District Courts of Appeal and it is apparent that the motion is made pursuant to the provisions of said section. In the points and authorities submitted by respondent in support of the motion the statement is made that appellant's opening brief was not filed within the time permitted by sections 4 and 5 of Rule I of said above-mentioned rules. This statement appears under the title "Appeal Taken For Delay Only". We take it that the fact that appellant's brief was not filed on time is by no means conclusive that the appeal herein was taken for delay only. Respondent has not moved to dismiss the appeal on the ground of appellant's delay in filing his opening brief. Furthermore, our records show that appellant's opening brief was filed with this court on September 21, 1932, which was eight days prior to the date

on which respondent's motion to dismiss the appeal was filed. ■ It is apparent that the real ground of the motion here presented is that the questions on which the decision depends are so insubstantial as to require no further argument. In support of his contention with respect to the insubstantiality of the questions involved respondent urges, first, that appellant's brief contains no sufficient specification of errors alleged to have been made by the trial court. We have examined the brief with reference to the provisions of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal and, while it may be conceded that it does not comply strictly with the requirements of said rule particularly in that it fails to present each point separately under an appropriate heading, we cannot conclude that there was such entire failure to comply with the sprit of the rule as to warrant dismissal of the appeal for this reason. Examination of the brief discloses at least substantial compliance with the above-mentioned provision of the rule.

■ Respondent next urges that the points presented in appellant's brief do not relate to the issues which were tried in the superior court. In support of this contention respondent refers to certain specified pages of the clerk's transcript. Examination of that portion of the clerk's transcript to which reference is thus made discloses that it contains the findings made by the trial court and its conclusions drawn from such findings. Further examination of appellant's brief and of respondent's answering brief impels us to the conclusion that the question involved in the appeal is, in the final analysis, whether certain findings of the trial court are supported by the evidence which was produced at the trial. Proper determination of this question necessarily requires an examination of the entire record. This court has heretofore announced the policy that when it appears that an examination of the entire record on appeal is required in order to determine properly a motion to dismiss or to affirm a judgment in accordance with the provisions of section 3 of Rule V of the Rules for the Supreme Court and District Courts of Appeal such motion will be denied. (*City of Los Angeles* v. *Los Angeles Inyo Farms Co.*, 126 Cal. App. 61 [14 Pac. (2d) 339]; *Brown* v. *Gow*, 126 Cal. App. 113 [14 Pac. (2d) 322].)

Respondent's motion to dismiss the appeal or to affirm the judgment is therefore denied.

Barnard, P. J., and Marks, J., concurred.