[Civ. No. 1080. Fourth Appellate District.—September 15, 1933.]

SARA E. ROSS, Guardian ad Litem, etc., Respondent, v. ROY S. MAHONEY et al., Appellants.

DONALD HUME, a Minor, etc., Respondent, v. ROY S. MAHONEY et al., Appellants.

200

Frank J. Macomber for Appellants.

R. T. Walters and J. C. Hizar for Respondents.

BARNARD, P. J.—The respondents have moved to dismiss the appeal or affirm the judgment in these cases under Rule V, section 3, of the Rules of this court, upon the grounds that the opening brief filed by the appellants fails to set forth on its first page the statement required by Rule VIII, section 2; that the opening brief attacks certain instructions of the court without setting forth all other instructions given which bear upon the same subject; and that the appeal is frivolous and without substantial merit.

Before the time set for hearing this motion the appellants filed a printed supplement to their opening brief containing all of the instructions given, which may be taken as meeting that objection although not in the form most convenient for the court.

It is argued that a more extended statement of the questions involved is warranted in this case since it covers two judgments in consolidated cases. If that fact be taken into consideration the fact remains that the statement in the brief contains three pages and fails in several respects to

comply with the rule referred to. Under the circumstances of this case we think the appellants should be permitted to furnish a proper statement in printed form to be pasted in the opening brief, and they are directed to furnish such a statement within fifteen days from the filing of this opinion.

An examination of the opening brief discloses that a serious question is presented as to whether the court, by a certain instruction, did not take from the jury the right and duty of determining, in accordance with subdivision (d) of section 113 of the California Vehicle Act, whether a speed in excess of forty-five miles per hour at the time of the accident involved herein was or was not negligence. This question requires a careful consideration in which the court should have the benefit of such assistance as the parties may be able to render and is one which should not be disposed of on a motion of this nature.

The motion to dismiss the appeals or affirm the judgments is denied.

Marks, J., and Jennings, J., concurred.