[Civ. No. 1098.   Fourth Appellate District.—January 26, 1934.]

C. C. NORTH, Respondent, v. LILLIAN E. EVANS, Appellant.

Frank J. Macomber for Appellant.

S. G. North for Respondent.

JENNINGS, J.—Motion by respondent to dismiss appeal. On October 9, 1933, respondent gave notice that on November 13, 1933, a motion to dismiss the appeal would be presented. The grounds for the motion were stated to be, first, failure of appellant to file points and authorities within the time prescribed by the rules of this court and, second, failure of appellant to cause a bill of exceptions to be prepared and settled. On October 31, 1933, appellant filed her opening brief. The regular calendar day of this court for the month of November, 1933, was Tuesday, November 14th, and respondent not having noticed the motion for hearing on said date it was not placed on the calendar which was heard on November 14, 1933. On November 22, 1933, respondent gave notice that on December 12, 1933, a supplemental motion to dismiss the appeal would be presented. The notice stated that the motion for dismissal of the appeal would be based upon the grounds set forth in the motion which was filed in October and upon the grounds set out in the supplemental motion filed on November 22, 1933. The additional grounds stated in the supplemental motion are that appellant's opening brief shows on its face that the questions on which the decision of the cause depends are so unsubstantial as not to require further argument and that the appeal was taken solely for the purpose of delay. The motion was presented on December 12, 1933.

It is our opinion that the motion may not be granted for the reasons urged. The records of this court show that

appellant's opening brief was filed on October 31, 1933. ■ At the time the motion was presented, therefore, the brief was on file and it has generally been held that when a motion for dismissal of an appeal is made on the ground of failure of the appellant to file points and authorities within the prescribed time the motion will be denied if, at time of hearing, it appears that the brief is then on file. (*Fishman* v. *Silva,* 108 Cal. App. 121 [291 Pac. 430]; *Tyner* v. *Axt,* 111 Cal. App. 187 [295 Pac. 97]; *Toth* v. *Metropolitan Life Ins. Co.,* 113 Cal. App. 55 [297 Pac. 564]. ■ The failure to file a bill of exceptions is not a valid ground for the motion to dismiss the appeal for the reason that this appeal is not presented on a bill of exceptions. It is evidently presented on the judgment-roll alone. ■ Although the certificate of the county clerk which is attached to the transcript on appeal fails to state that copies of the pleadings, findings of the court, and judgment contained therein constitute the judgment-roll, it does state that they are full, true and correct copies of the papers on file in his office. Section 670 of the Code of Civil Procedure specifies what documents shall constitute the judgment-roll and the transcript herein appears to contain the documents necessary to comply with its requirements. In any event, in the absence of any showing to the contrary, we are entitled to presume that the documents mentioned in the clerk's certificate are those which constitute the judgment-roll. (*O'Shea* v. *Wilkinson,* 95 Cal. 454 [30 Pac. 588].) ■ The contention that the appeal should be dismissed for the reason that appellant's brief now on file shows that the questions upon which the decision of the cause depends are so unsubstantial as to require no further argument is answered by respondent's express admission, for the purposes of this motion, that the amount of recovery allowed by the judgment shall be reduced by the total amount of attorney's fees included in the judgment. This is one of the points relied upon by appellant for reversal of the judgment and respondent's concession that, for the purposes of this motion, it is well taken and should be sustained carries a complete refutation of respondent's contention that the appeal is frivolous.

The motion to dismiss the appeal is therefore denied.

Barnard, P. J., and Marks, J., concurred.