[Civ. No. 1505. Fourth Appellate District.—October 11, 1934.]

WILLIAM L. LENNON et al., Respondents, v. C. F. WOODBURY et al., Appellants.

West & West for Appellants.

Euler & Subith, Charles S. Swanner and Louis J. Euler for Respondents.

BARNARD, P. J.—The respondents recovered judgment for injuries sustained by one of them while riding as a guest in an automobile owned and operated by the appellants, on the theory that the respondent driver was guilty of wilful misconduct in the operation of the automobile. The main contention of the appellants is that the evidence is not sufficient to establish wilful misconduct on the part of the driver. Briefly stated, the main question presented is whether wilful misconduct appears where the driver of an automobile "did

continue to drive his car on the wet and slippery highway at a speed of over forty miles an hour in the rain by reason of which the automobile suddenly without warning skidded off the highway''. The usual briefs were filed and the respondents' brief, containing 118 printed pages, is devoted largely to an attempt to show that wilful misconduct could be inferred from the evidence. After all the briefs were filed the respondents moved to dismiss the appeal or affirm the judgment, under rule V, section 3, of the rules for this court, on the grounds that the appeal was taken for delay only and that the questions presented are so unsubstantial as not to require further argument.

▪ An inspection of the appellants' opening brief discloses that a serious question is presented as to the sufficiency of the evidence to sustain the judgment, which deserves the usual consideration. Full recognition of this fact is disclosed by the respondents' brief, in which the matter is thoroughly presented.

▪ It is fully apparent that the rule upon which this motion is based has no proper application here. This rule should not be used merely for the purpose of advancing a cause on the calendar (*Rubio* v. *Nye & Nissen, Inc.*, 140 Cal. App. 46 [35 Pac. (2d) 195]).

The motion is denied.

Marks, J., and Jennings, J., concurred.