[Civ. No. 9776.  First Appellate District, Division Two.—March 18, 1935.]

MANUEL SILVA, Appellant, v. CO–OPERATIVE DAIRY-MEN'S LEAGUE (a Corporation), Respondent.

Carleton L. Rank and Milton Newmark for Appellant.

Decoto & St. Sure for Respondent.

STURTEVANT, J.—Heretofore the plaintiff commenced two different actions in which he sought to recover judgments for money had and received. Thereafter for the purpose of trial the two actions were consolidated. Still

later the actions came on for hearing and on December 13, 1933, the trial court caused to be entered a judgment in favor of the defendant. On December 15, 1933, the plaintiff filed a notice of appeal. On November 13, 1934, an order was made by the trial court terminating proceedings therein. On January 22, 1935, the defendant served and filed a notice of motion to dismiss the appeal. In that notice it stated its motion would be " . . . made upon the ground that neither a bill of exceptions nor the transcript of the record in said actions has been filed within the time allowed by law and rules of the District Court of Appeal and upon the further grounds that said proceedings on appeal and/or to obtain a transcript on appeal in this action have been terminated by the Superior Court from which said actions are appealed". In said notice of motion the defendant stated that its motion would be made upon all the records and files in said action and such certificates as it would produce at the hearing. At the same time it served and filed a certified copy of the order terminating proceedings in the trial court, a certified copy of an order denying a motion made under section 473, Code of Civil Procedure, to be relieved from the order terminating proceedings, and it also filed a certificate of the county clerk showing in chronological order the different proceedings had and taken in the trial court and which certificate also showed that on the twenty-second day of January, 1935, there were no proceedings for a bill of exceptions or for a transcript under section 953a pending in the trial court. On February 9, 1935, the plaintiff filed in this court a transcript which on its face purports to be a transcript supporting an appeal from the judgment based on the judgment roll and an uncertified and unauthenticated transcript of the reporter under section 953a, Code of Civil Procedure. The hearing of this motion was had on February 11, 1935. In reply to the showing made by the defendant the plaintiff presented no evidence. However, he contended the filing of the transcript prior to the hearing on the motion to dismiss will defeat the motion. He cites in support of that contention a number of authorities. Some of those authorities were based on a hearing where the motion to dismiss was resisted on a showing that the adverse party was entitled to be relieved of its apparent default by applying

for relief under section 473, Code of Civil Procedure. (*Snodgrass* v. *Hand,* 125 Cal. App. 265 [13 Pac. (2d) 769].) Other cases rested on a defective transcript as distinguished from no transcript having been filed. (*Woodside* v. *Hewel,* 107 Cal. 141 [40 Pac. 103]; *Warren* v. *Hopkins,* 110 Cal. 506 [42 Pac. 986]; *In re Ryer,* 110 Cal. 556 [42 Pac. 1082].) The instant case does not fall in any one of said classes.

█ As recited above, the defendant made its motion to dismiss on January 22, 1935. That was sixty-four days after the order terminating proceedings in the trial court. The plaintiff was then decidedly in default. (Rule I of the Rules for the Supreme Court and District Courts of Appeal of California.) At the time the notice to dismiss was given no transcript of any kind or nature was on file. The defendant was therefore entitled to make its motion. (Sec. 1, Rule V.) It provides as follows: "If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such *notice is given,* that fact shall be sufficient answer to the motion." (Italics ours.) That rule has the force of positive law so far as the rights of the parties are concerned. (*Brooks* v. *Union Trust etc. Co.,* 146 Cal. 134 [79 Pac. 843]; *Helbush* v. *Helbush,* 209 Cal. 758, 763 [290 Pac. 18].) █ The rights of the defendant to have the appeal dismissed for the failure of the plaintiff to file his transcript within the time limited by the rules must be determined by the facts as they exist at the time the notice of motion is given and is not destroyed by the subsequent filing of a purported transcript. (*Shain* v. *People's Lumber Co.,* 98 Cal. 120 [32 Pac. 878]; *McCabe* v. *Healey,* 139 Cal. 30 [72 Pac. 359]; *Barnhart* v. *Conley,* 17 Cal. App. 230 [119 Pac. 200]; *Raisch Improvement Co.* v. *Arata,* 193 Cal. 573 [226 Pac. 399].) The rule applicable is stated in 2 California Jurisprudence, page 773, as follows: "Rule V of the Supreme Court, after providing that a failure to file the transcript of the record or appellant's points and authorities within the time limited is ground for dismissal, provides further that if the transcript, or points and authorities,

though not filed within the time prescribed, be on file at the time notice of motion to dismiss is given, that fact shall be sufficient answer to the motion. Under this rule the right of a respondent to a dismissal is determined by the facts as they exist at the time the notice of motion is given. If there is a transcript or brief on file at that time, this fact of itself prevents a dismissal of the appeal under rule V. If no transcript or brief is on file at the time the notice is given, and no extension of time is applied for or granted, the right of the respondent to a dismissal is not defeated by the mere filing of a transcript or brief subsequently thereto. To avoid a dismissal in such case, the appellant must by affidavit show some sufficient excuse calling for a relaxation of the rule.'' An examination of the decided cases discloses that the text is supported by the decisions of the Supreme Court if not in all instances by the decisions of the other courts in this state. (See *Smith* v. *Taecker,* 127 Cal. App. 78 [15 Pac. (2d) 193], and cases cited.)

The motion is granted.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1935.