[Civ. No. 1856.   Fourth Appellate District.—September 16, 1937.]

H. H. HALL, Respondent, v. HAROLD WOLFORD et al., Appellants.

J. Hampton Hoge, Chester O. Hansen and Young, Hudson & Rabinowitz for Appellants.

Mills, Hunter & Dunn, Ray W. Hays and C. R. Liljestrom for Respondent.

MARKS, J.—This is an appeal from a judgment for damages suffered by respondent while riding in an automobile owned and driven by Harold Wolford, an employee of Dolson & Anderson, Inc.

Respondent has made one motion for dismissal of the appeal because appellants' briefs were not filed in time and another to dismiss the appeal of Wolford or affirm the judgment against him because the appeal by him was taken for delay only and the question presented by him is so unsubstantial as not to need further argument. (Sec. 3, rule V, Rules of the Supreme Court and District·Courts of Appeal.)

Separate briefs were filed by appellants before the motions came on for hearing. This has been held to be sufficient answer to the first-mentioned motion to dismiss. (*Toth* v. *Metropolitan Life Ins. Co.*, 113 Cal. App. 55 [297 Pac. 564]; *North* v. *Evans*, 136 Cal. App. 434 [28 Pac. (2d) 938]; *Graybiel* v. *Consolidated Assns., Ltd.*, 14 Cal. App. (2d) 547 [58 Pac. (2d) 665].)

This court has repeatedly held that it would not dismiss an appeal on the grounds specified in the second mentioned motion or affirm the judgment where a decision of the motion would involve a study of the reporter's transcript. We treat such motion as a demurrer to the sufficiency of an appellant's opening brief and in deciding the motion consider the brief, the moving papers and necessary authorities. We do not believe that on a decision of the motion the rule in question should require us to examine the entire record. Any

other interpretation placed upon it would compel us to twice examine the record and twice consider the merits of the appeal in the event of the denial of the motion to dismiss or affirm. (See *City of Los Angeles* v. *Los Angeles-Inyo Farms Co.*, 126 Cal. App. 61 [14 Pac. (2d) 339]; *Brown* v. *Gow*, 126 Cal. App. 113 [14 Pac. (2d) 322]; *Thompson* v. *Boyer*, 127 Cal. App. 149 [15 Pac. (2d) 541]; *Inga* v. *Blum*, 132 Cal. App. 15 [22 Pac. (2d) 34]; *Lennon* v. *Woodbury*, 1 Cal. App. (2d) 381 [36 Pac. (2d) 415]; *Barr* v. *Hall*, 9 Cal. App. (2d) 426 [49 Pac. (2d) 1124]; *Rasmussen* v. *Fresno Traction Co.*, 11 Cal. App. (2d) 357 [53 Pac. (2d) 1038].)

The complaint in this action alleges that the negligence of Wolford in the operation of his automobile was a proximate cause of the accident and the injuries to respondent. Wolford, in his opening brief, urges that respondent was his guest at the time of the accident and not a passenger as urged by respondent. He cites sufficient evidence to show that the question is a debatable one that should only be decided after a careful study of the entire reporter's transcript.

Both motions are denied.

Jennings, Acting P. J., concurred.