[Civ. No. 2133. Fourth Appellate District.—January 13, 1938.]

OSCAR BIRKHOFER et al., Respondents, v. THEODORE KRUMM, Appellant.

Theodore G. Krumm, *in pro. per.*, Martin J. Coughlin and R. Bruce Findlay for Appellant.

U. F. Lewis and Ernest Clewe for Respondents.

MARKS, J.—This is a motion, made under the provisions of section three of rule V, Rules for the Supreme Court and District Courts of Appeal, to dismiss the appeal or affirm the judgment on the grounds, (1) that the appeal was taken for delay only, and, (2) that the questions on which the decision of the case rests are so unsubstantial as not to need further argument.

Shortly after the effective date of the rule, July 1, 1932, this court announced its policy on motions of this kind, as follows:

"Unsubstantiality of questions involved in the appeal is made the principal ground for invoking the power of an appellate tribunal, wherein the appeal is pending, to dismiss such appeal or to affirm the judgment or order from which the appeal is taken. If this unsubstantiality is apparent upon consideration of appellant's opening brief alone, invocation of the power to dismiss an appeal or to affirm a judgment is manifestly proper and in strict conformity with the obvious purpose of the rule, viz.: The more rapid disposition of appeals. If, however, consideration of appellant's opening brief, together with the assistance furnished by the argument of counsel for respondent and the points and authorities filed in support of the motion to dismiss, does not enable the appellate court to arrive at a decision that the appeal lacks merit, and final decision of the motion requires examination of the entire record, a different problem is pre-

sented. The logical effect of the latter procedure will be to make of the motion to dismiss, in reality, a motion to advance, on the calendar of the appellate court, appeals there pending. A second and not less important effect produced thereby is that in all cases where the motion to dismiss or to affirm is denied the reviewing court will be required twice to examine the entire record. While the expeditious disposal of appeals is a 'consummation devoutly to be wished for', the adoption of a policy with respect to the rule under consideration, whose effect will be, in many instances, to double the labors of the reviewing court and materially to increase the time required for examination of appeals, may· well defeat the very end desired. It is, therefore, our opinion that when it can be determined from appellant's opening brief alone that the questions involved in the appeal are so unsubstantial as to require no further elucidation, a motion of the character here considered should be granted. If, however, in the ordinary case, the unsubstantiality cannot be thus determined and an examination of the entire record is required for such determination, a motion to dismiss or affirm the judgment should be denied.'' (*Brown* v. *Gow,* 126 Cal. App. 113 [14 Pac. (2d) 322].)

We have since adhered to the policy thus announced. (*City of Los Angeles* v. *Los Angeles Inyo Farms Co.,* 126 Cal. App. 61 [14 Pac. (2d) 339] ; *Thompson* v. *Boyer,* 127 Cal. App. 149 [15 Pac. (2d) 541] ; *Nelson* v. *National Guar. Life Co.,* 128 Cal. App. 341 [17 Pac. (2d) 155] ; *Inga* v. *Blum,* 132 Cal. App. 15 [22 Pac. (2d) 34] ; *North* v. *Evans,* 136 Cal. App. 434 [28 Pac. (2d) 938] ; *Lennon* v. *Woodbury,* 1 Cal. App. (2d) 381 [36 Pac. (2d) 415] ; *Barr* v. *Hall,* 9 Cal. App. (2d) 426 [49 Pac. (2d) 1124] ; *Butcher* v. *Thornhill,* 10 Cal. App. (2d) 666 [52 Pac. (2d) 509] ; *Rasmussen* v. *Fresno Traction Co.,* 11 Cal. App. (2d) 357 [53 Pac. (2d) 1038] ; *Hall* v. *Wolford,* 22 Cal. App. (2d) 537 [71 Pac. (2d) 596].)

█ Respondents in their brief on this motion urge the following two grounds, among others, to support the motion:

''1. Appellant's brief states and relies upon 'as facts' some matters as to which there are no findings but as to which the evidence is conflicting and others on which there are findings precisely contrary to his contentions. And the sufficiency of the evidence supporting these findings is not attacked.

"2. The brief fails to 'show that any injustice has been done (appellant) or that (his) appeal was based on any substantial error of the trial court'."

It is evident that to determine these contentions we must make an examination of the record. Furthermore, appellant states and argues as one of his grounds of reversal of the judgment the insufficiency of the evidence to support the findings and judgment. A determination of this question also requires an examination of the transcripts.

Appellant, in his opening brief, also argues questions of law upon which respondent should submit authorities to aid the court in the decision of the case.

The motion is denied.

Barnard, P. J., and Jennings, J., concurred.