[Civ. No. 10868. First Appellate District, Division One.—February 16, 1939.]

V. KELLY, Respondent, v. W. J. LIDDICOAT et al., Appellants.

A. D. Schaffer for Appellants.

Frank V. Campbell and Harvey C. Miller for Respondent.

KNIGHT, J.—This is a motion, presented under the authority of section 3 of rule V of the Rules for the Supreme Court and District Courts of Appeal, to .dismiss the appeal or affirm the judgment on the grounds that the appeal was taken for delay only and that the questions upon which the

decision of the case rests are so unsubstantial as not to need further argument.

█ It has been repeatedly held, however, that such a motion should not be granted where it appears, after an examination of the opening brief and the papers filed in support of the motion, that the appeal cannot be decided without examining the entire record. (*Rasmussen* v. *Fresno Traction Co.,* 11 Cal. App. (2d) 357 [53 Pac. (2d) 1038]; *Brown* v. *Gow,* 126 Cal. App. 113 [14 Pac. (2d) 322]; *Ross* v. *Mahoney,* 134 Cal. App. 199 [25 Pac. (2d) 268]; *Barr* v. *Hall,* 9 Cal. App. (2d) 426 [49 Pac. (2d) 1124]; *Birkhofer* v. *Krumm,* 24 Cal. App. (2d) 372 [75 Pac. (2d) 82], and cases cited therein.) Obviously this is such a case.

█ The action was one to recover on three promissory notes given by the defendants to one F. J. McSherry, and subsequently assigned to and sued upon by the plaintiff Kelly. Defendants' third amended answer to the complaint admitted the execution, delivery and nonpayment of said notes, but alleged that plaintiff was not the holder thereof in due course, or for value, or before maturity; and by way of set-off they pleaded these facts: that they were copartners with F. J. and Joseph McSherry in operating a public food market; that they purchased the McSherrys' interests in said copartnership, and in payment thereof gave said notes; that subsequently they discovered that the McSherrys had collected and received certain sums of money belonging to the copartnership, which were retained by them for their own use and benefit; and that therefore defendants were entitled to have said sums applied as a set-off against the amount called for by said notes. Plaintiff demurred to said answer upon the grounds that the facts pleaded were insufficient to constitute a defense; that recovery thereunder was barred by the statute of limitations, and that the allegations of the special defense were uncertain, ambiguous and unintelligible, for the reasons set forth in the demurrer. The demurrer was sustained by a general order, and twelve days later plaintiff served and filed notice of motion "to strike out the answer . . . and to enter judgment in favor of plaintiff on the ground that there is no defense to the action". The motion was granted, and a summary judgment was entered against defendants for the full amount sued for, together with attorney's fees. Section 437c of the Code of Civil Procedure

authorizing the entry of summary judgments provides that "a judgment entered under this section is an appealable judgment as in other cases". Defendants took such an appeal, and their opening brief is directed principally to the question of the legal sufficiency of the third amended answer. Plaintiff contends, however, in support of his present motion, that the proceedings had pursuant to the motion for summary judgment are such as to exclude from consideration any question of the sufficiency of said third amended answer. Necessarily a determination of the points urged by him in this behalf, as grounds for affirmance of the judgment, will require an examination of the entire record. The motion is therefore denied.

Tyler, P. J., concurred.