[Civ. No. 12238. Second Appellate District, Division One.—July 31, 1939.]

MARY ALICE FRITSCHE, Respondent, v. THOMAS F. McCUE, Appellant.

Thomas F. McCue, *in pro. per.,* for Appellant.

G. P. Adams and Charles E. Beardsley for Respondent.

WHITE, J.—This is a motion to dismiss the appeal on the ground that no transcript on appeal was filed within the

requisite time. It appears that judgment was entered September 21, 1938; that notice of the entry thereof was given the day following; that notice of intention to move for a new trial was filed within time and on October 3, 1938; that said motion for new trial was denied November 22, 1938. Notice of appeal to this court was appropriately served and filed December 7, 1938. The engrossed bill of exceptions was signed, settled and filed in the office of the county clerk on February 8, 1939. On March 27, 1939, respondents served and filed a notice of motion to dismiss the appeal and the same came on for hearing on the 24th of April, 1939. In the meantime, and on April 20, 1939, the transcript on appeal was lodged in this court.

 The transcript on appeal having been filed prior to the time that the motion came on for hearing, and that being sufficient answer to the motion (rule V of the Rules for the Supreme Court and District Courts of Appeal; *Snodgrass* v. *Hand*, 125 Cal. App. 265 [13 Pac. (2d) 769]), the real ground of the motion now is that the transcript on appeal, as filed, is not in fact what it purports to be, in that the demurrer to the complaint and the answer to the cross-complaint are not included in the judgment roll. The appeal being from the whole of the judgment rendered in the trial court, which is a judgment upon the issues raised by both the complaint and the cross-complaint, both the missing pleadings are proper parts of the judgment roll. Appellant, however, presents to us a motion by which we are asked to grant a diminution of the record by permitting appellant to add to the same as part of the transcript on appeal duly authenticated copies of the demurrer and the answer to the cross-complaint, together with a certificate of the county clerk that such documents, together with that portion of the judgment roll now included in the transcript on appeal heretofore filed, constitute the judgment roll in its entirety.

In the exercise of its jurisdiction an appellate court has power, in the absence of statutory mandate or authoritative expression to the contrary (and in this state there is none), to order and cause the correction of a record before it at all times during the pendency of an appeal; and this without regard to the terms of section 473 of the Code of Civil Procedure. (*Dugan* v. *Forster*, 101 Cal. App. 144 [281 Pac. 411].)

By reason of the fact that the omission of the demurrer and the answer to the cross-complaint appears to have been inadvertent, we deem it a proper exercise of our discretion to grant appellant's request to file duly authenticated copies of the documents in question as part of the transcript on appeal. The court should be liberal in granting amendments which can cause the respondents no injustice and which will secure to the appellant a hearing on the merits.

Respondents' motion to dismiss the appeal is denied and appellant's motion to amend the record is granted; the latter to have ten days from and after the filing of this decision within which to lodge the authenticated copies of the documents in question in this court and twenty days thereafter within which to file his opening brief.

York, P. J., and Doran, J., concurred.