[No. 14066.    In Bank. — February 3, 1891.]

## STANLEY W. HOYT, RESPONDENT, *v.* SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY, APPELLANT.

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT IN TIME — RULE OF SUPREME COURT.— Rule 3 of the supreme court, providing that if the transcript is on file when notice is given of a motion to dismiss the appeal for failure to file the transcript in time, that shall be a sufficient answer to the motion, will not preclude the dismissal of an appeal, where the notice of motion is given before the filing of the transcript, although the transcript is filed a few hours later on the same day.

ID. — PRIORITY IN TIME — FRACTIONS OF DAY. — Although in some cases courts will not take cognizance of fractions of a day to determine which of two acts was first in point of time, yet the rule is necessarily departed from when the question whether one legal right shall have priority over another depends upon the order of events occurring upon the same day.

Motion to dismiss an appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. S. Lippitt,* and *Charles F. Hanlon,* for Appellant.

*T. J. Crowley,* for Respondent.

De Haven, J. — The appeal in this case was dismissed by the court in Bank on December 11, 1890, and a rehearing thereafter granted. Upon full consideration we are satisfied with our former opinion, and for the reasons therein stated, the motion to dismiss the appeal must be granted.

It is true that for some purposes a day is regarded as an indivisible unit, and that in the cases where such rule properly applies, courts refuse to look into fractions of a day for the purpose of determining which of two acts was first in point of time; but when the question whether one legal right shall have priority over another depends upon the order of events occurring on the same day, this rule is necessarily departed from. (*National Bank* v. *Burkhardt,* 100 U. S. 689; *Louisville* v. *Savings Bank,* 104 U. S. 474.) And in *Main* v. *Gilman,* 11 Fed. Rep. 214, it is said: "It is insisted that the law knows no fractions of a day. But this ancient maxim is now chiefly known by its exceptions. When private rights depend upon it, the courts inquire into the hour at which an act was done, or a decree was entered, or an attachment was laid, or any title accrued."

In the case of *Hill* v. *Finnigan,* 54 Cal. 313, the material fact, as to whether the notice of motion to dismiss was given prior to the time of filing the transcript, was a matter of controversy, and what was there said about not looking into fractions of a day for the purposes of dismissing an appeal must be considered as having reference only to the then state of facts before the court,

and the general language there used should not be considered as furnishing a rule for a case like this, in which it is not denied that the notice of motion to dismiss was given before the filing of the transcript on appeal.

Appeal dismissed.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., HARRISON, J., GAROUTTE, J., and BEATTY, C. J., concurred.

The following is the opinion above referred to, rendered by the court in Bank on December 11, 1890:—

THE COURT. — This is a motion to dismiss appeal because the transcript was not filed in time. The judgment was rendered May 26, and appeal taken June 12, 1890. September 16th, ninety-four days after the taking of the appeal, the clerk of the court below issued his certificate, showing that no transcript had been prepared or certified. September 20th, notice of motion to dismiss was given, accompanied with a copy of the clerk's certificate. This was served at 9:30, A. M. At 3:30, P. M., the fee for filing the transcript was paid to the clerk of this court, but the transcript was not then delivered to said clerk. At eight, P. M., of that day, the transcript was served on counsel for respondent, and at eleven, P. M., the clerk found the transcript in the letter-box at his residence, and marked it filed as of that day. Rule 3 provides that if the transcript is on file when the notice is given, that shall be a sufficient answer to the motion; and counsel now invokes the rule that the court will not take cognizance of fractions of days. We appreciate the force of and the reason for the rule so invoked, and have no doubt sometimes applied it on motions of this kind. But where, as in this case, an event had actually occurred, and a fact been established, under which rights had accrued before the happening of another event, which, if it had occurred a few hours before, might have defeated those rights, we think it the duty of the court

to take note of the order of those events, even though they may all have happened on the same day. The court has been, and possibly ought to be, liberal in the matter of extending time for the filing of transcripts, or of relieving parties from the effect of failure, where the delay has been brief and good cause has been shown; but in this case no attempt was made to secure an extension of time, and no cause or excuse is shown for a delay of nearly sixty days in filing a transcript so brief that it could have been, and finally was, in fact, prepared and filed in a single day. If the general rule in regard to fractions of days is inevitably to apply in every such case, rule 3 of this court may as well be repealed, and no limit fixed for the filing of transcripts. Such practice as that adopted in this case is peculiarly adapted to the encouragement of appeals for delay, and ought not to be countenanced by the court. The motion is granted, and the appeal dismissed.

Rehearing denied.