[L. A. No. 1293. Department One.—January 31, 1905.]

## FRANCES BROOKS (formerly BURKHART), and WILLIAM H. BURKHART, Appellants, v. UNION TRUST AND REALTY COMPANY, Respondent.

RESULTING TRUST—PAROL EVIDENCE—RECITAL OF CONSIDERATION.—Parol evidence is admissible to establish a resulting trust in real property arising under section 853 of the Civil Code, notwithstanding the recital of a money consideration in apparent opposition thereto, which was not in fact paid by trustees, who had received the title to the property without consideration and had agreed orally to hold it in trust in definite proportions for those who had furnished the consideration.

ID.—ACTION BY DIVORCED WIFE AND FORMER HUSBAND—TITLE UNDER JUDGMENT AND SHERIFF'S SALE—JOINT OWNERSHIP—PAROL EVIDENCE.—In an action by a divorced wife remarried and her former husband to enforce a resulting and constructive trust, where the former husband had obtained a judgment which he had assigned to his wife, under which the title was obtained at sheriff's sale, the testimony of the divorced wife is admissible to show that the judgment and sheriff's sale thereunder belonged to herself and former husband in equal shares.

RULES OF SUPREME COURT — JURISDICTION UNDER AMENDMENT OF CONSTITUTION.—Under the provisions of section 4 of article VI of the constitution, as amended in 1904, this court has power to make rules having the force of positive law so far as the rights of the parties are concerned, if they do not conflict with any act of the legislature.

ID.—RULE REQUIRING SERVICE OF PETITION FOR REHEARING.—Rule XXX of this court, requiring a petition for rehearing to be served upon the adverse party within twenty days after the judgment is pronounced, and allowing time for an answer to be filed thereto, is valid; and a petition filed without such service must be disregarded if no showing is made of unavoidable accident or excusable mistake and substantial injury to be inflicted by its enforcement.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for new trial. N. P. Conrey, Judge.

The main facts are stated in the commissioner's opinion, and further facts are stated by the court in Bank on petition for rehearing.

Dunnigan & Dunnigan, for Appellants.

Walter Bordwell, for Respondent.

SMITH, C.—This is a suit to enforce an alleged trust (resulting and constructive) in land conveyed to defendant's grantors by plaintiffs' alleged trustee. The findings and judgment were for the defendant; and the plaintiffs' appeal from an order denying their motion for a new trial. Both parties—with an exception that will be noted—rely on the same deraignment of title, which is as follows:—

1. Judgment in favor of plaintiff Burkhart against Teresa Luhring, of date September 19, 1891, for the sum of $85.85—afterwards assigned to plaintiff Brooks; who was then the wife of Burkhart, but afterwards divorced.

2. Sheriff's sale under execution on the judgment for the sum of $135.75, and certificate of sale to plaintiff Brooks, of date July, 1895; at which time, it is alleged in the complaint and not denied, she was still the wife of Burkhart. On this point there seems to be some confusion. The finding of the court is to the contrary of the allegation; and in the respondent's brief it is said that the parties had been divorced nearly two years prior to the sale. But we are cited to no evidence in support of this assertion, and have not been able to find any. The point is material only to the matter in evidence.

3. Assignment of certificate of sale, for recited consideration of $135.75, and subsequent sheriff's deed, January 22, 1896, to Daniel Burkhart and Leonard Brooks; sons, the former, of plaintiff Burkhart, the latter, of plaintiff Brooks.

4. Conveyance by Leonard Brooks to Daniel Burkhart, and allotment of the land in question to the latter, by judgmen. in a partition suit, in the year 1899.

5. Deed of Daniel Burkhart, during his last illness, to Sexton & Grider, of date January 8, 1901.

6. Deed from Sexton & Grider to defendant, of date January 9, 1901.

In addition to the above, it is alleged in the second count of the complaint that during the last illness of Daniel Burkhart, and before his deed to Sexton & Grider, a deed, in execution of the trust, was made and delivered by him to his father, and brother, John Burkhart. But there will be no occasion to consider this aspect of the case.

It is alleged by the plaintiff in effect: That the plaintiff Mrs. Brooks, under agreement to that effect, took the certifi-

cate of purchase at the sheriff's sale for the joint use and
benefit of herself and husband, in certain definite proportions;
that the certificate was assigned by her, and, by the direction
of plaintiffs, the sheriff's deed made, to Leonard Brooks and
Daniel Burkhart, without consideration, and upon a parol
agreement and understanding that they should hold the land
in trust for plaintiffs; that the deed of the former to the latter
was made by direction of plaintiff Burkhart upon the same
trust and confidence; that the trust was repeatedly admitted
by Leonard and Daniel; and, finally, that the deeds from
Daniel to Sexton & Grider, and from the latter to the defend-
ant, were taken by the grantees, respectively, with full knowl-
edge of the trust.

It is further alleged, in effect: That the deed to Sexton &
Grider was procured by the fraud and undue influence of
the grantees, acting in conspiracy with one Bigelow and
others; and that the defendant took the deed with knowledge
of the trust relations between Daniel and the plaintiffs, and
of the fraud and conspiracy of its grantors and Bigelow.
These allegations occur in the second count of the complaint,
wherein all the facts set out in the first count are also alleged.
On all of the issues thus raised, the findings were adverse to
the plaintiffs.

The points urged by the appellants are: That the material
findings are not supported by the evidence; that a new trial
should have been granted on the affidavits of newly discov-
ered evidence; and that the court erred in sustaining the ob-
jections of the defendant to questions put to the plaintiff
Brooks and her son Leonard as to the agreement or under-
standing under which they took their respective titles.

The last point, if sustained or held to be untenable, will
dispose of the appeal; and, as we are of the opinion that it is
well taken, it will be sufficient to say of the others that evi-
dence was introduced by the plaintiffs to prove their material
allegations—some of it of a very cogent nature; and that it
is claimed by the appellant, not without some plausibility,
that "had the court not been in error upon the law of this
matter, it would doubtless have granted a new trial on the
affidavits." Our attention will, therefore, be confined to the
point raised by the exclusion of the testimony of Mrs. Brooks
and her son Leonard.

As to the former, it is urged by the respondent that the evidence offered was inadmissible because it appeared that Mrs. Brooks was "the owner of the judgment which was the consideration of the sale." But—leaving out of view that it appears that advances for sheriff's costs were made by Burkhart, which would constitute part of the consideration—her testimony as to her part interest with her husband in the property purchased (the fruit of the judgment) would have been cogent to prove that she was similarly interested in the judgment itself; and the justice of this inference is confirmed by her own express testimony to that effect. Nor were it otherwise, are we to be understood as holding that the point would be tenable.

But the principal point urged relates to the testimony of Leonard, and is, that, a money consideration being recited in the assignment of the certificate, and in the sheriff's deed to him, parol evidence was inadmissible to establish the alleged trust; in support of which contention *Russ* v. *Mebius,* 16 Cal. 350, and other cases are cited. But these were cases where the trusts sought to be established were in favor of the grantor; and if it be assumed for the purposes of the decision, that such trusts continue to exist, *as resulting trusts,* under the codes (*Feeney* v. *Howard,* 79 Cal. 530[1]), yet the principle announced in *Russ* v. *Mebius* is peculiar to that class of cases, and has no application to the kind of resulting trusts referred to in section 853 of the Civil Code. In trusts of this kind the consideration is usually recited, yet parol testimony is always admissible. (*Hidden* v. *Jordan,* 21 Cal. 93; *Beyles* v. *Baxter,* 22 Cal. 575; *Millard* v. *Hathaway,* 27 Cal. 119, 142; cases cited, Pomeroy's ed. Civ. Code, section cited.) The evidence offered was, we think, clearly admissible, and its exclusion material error.

We advise that the order appealed from be reversed and the cause remanded for a new trial.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed and the cause remanded for a new trial.        Van Dyke, J., Shaw, J., Angellotti, J.

[1] 12 Am. St. Rep. 162.

On petition for rehearing in Bank, the following opinion was rendered February 28, 1905, by the court in Bank:—

THE COURT.—The respondent has filed with the clerk a petition for rehearing without serving a copy thereof on the adverse party. Section 4 of article VI of the constitution, as amended November 8, 1904, contains the following provision:—

"The supreme court shall make and adopt rules not inconsistent with law for the government of the supreme court and of the district courts of appeal and of the officers thereof, and for regulating the practice in said courts."

In pursuance of this authority and command the supreme court has adopted rules of practice which are now in force. Rule XXX provides as follows:—

"1. Applications for a rehearing of a cause by the court rendering judgment therein must be filed and a copy served on the adverse party, within twenty days after the judgment is pronounced. The adverse party may file an answer thereto not less than two days before the expiration of the time within which the rehearing can be granted. . . .

"4. The times herein prescribed shall not be extended, and the clerk must not file any such application or answer after the time therefor has expired."

By virtue of the power conferred by the amendment, the supreme court now has authority to make rules of practice which have the force of positive law so far as the rights of the parties are concerned, provided such rules do not conflict with any act of the legislature. The provisions of rule XXX, above quoted, are consistent with the law. They confer a positive right upon the prevailing party to have a copy of such application served upon him, at least ten days before the expiration of the time within which the application can be considered by the court, and give him at least eight days thereafter within which to file an answer thereto. These are substantial advantages to adverse parties, and if they are wisely used the court will be materially aided in the disposition of the application. Where rules of court are of such a nature that important rights are given by them, a compliance therewith must be strictly enforced. In cases where it is shown that by unavoidable accident or excusable mistake parties

have been prevented from observing such rules, and it appears that substantial injury will be inflicted by their enforcement, the court may, on proper terms, allow a departure therefrom. Such cases, however, must be extremely rare and the circumstances extraordinary, and the court will be reluctant to vary in the least from the exact practice prescribed. Under the circumstances here shown the petition should not have been filed without the service upon the adverse party, and it must be disregarded.