[S. F. No. 10892.   In Bank.—May 16, 1924.].

## RAISCH IMPROVEMENT COMPANY, Respondent, v. JOSEPH ARATA, Appellant.

[1] Appeal—Failure to File Transcript Within Time—Dismissal —Evidence.—In this proceeding for a dismissal of an appeal upon the ground that the appellant had failed to file his transcript within the time prescribed by law and the rules of the supreme court, the supreme court is of the opinion that the motion to dismiss should be granted.

MOTION to dismiss an appeal from a judgment of the Superior Court of Contra Costa County.   A. B. McKenzie, Judge.   Motion granted.

The facts are stated in the opinion of the court.

Archibald B. Tinning and R. M. F. Soto for Appellant.

J. E. Manning for Respondent.

THE COURT.—The defendant appealed herein upon the judgment-roll alone from a judgment in favor of the plaintiff foreclosing a street assessment lien.   The matter now involved herein is a motion to dismiss the appeal upon the ground that appellant failed to file his transcript upon appeal in time.   The judgment was entered in the lower court December 12, 1922; defendant's motion for a new trial denied January 17, 1923, and his notice of appeal therefrom was filed February 5, 1923.   Thereafter he obtained successive orders from the trial judge extending his time to serve and present his proposed bill of exceptions on appeal to and including May 3, 1923, since which time no further extension has been granted.   No notice under section 953a of the Code of Civil Procedure was ever filed here, and no draft or proposed bill or bill of exceptions was ever filed herein.   October 26, 1923, the respondent served and filed notice of motion to dismiss the appeal upon the ground that the appellant had failed to file his transcript within the time prescribed by law and the rules of this court, and accompanied the same with a certificate

of the county clerk certifying to all of the facts hereinabove stated, together with affidavit of respondent's counsel to the above facts, and further to the effect that no draft or proposed bill of exceptions or bill of exceptions had been served upon respondent's counsel. The motion came on for hearing before us at the time for which it was noticed, November 5, 1923, at which time we refused to grant it for the reason that the respondent had failed to furnish us with a certificate from the trial judge to the effect that any proceedings which may have been pending before him for the settlement of a bill of exceptions had been terminated. Counsel for respondent stated at the hearing that he had requested such a certificate from the trial judge, who declined to furnish the same for the reason that no proceedings had been instituted before him for the settlement of a bill of exceptions or transcript. We thereupon continued the matter to the next succeeding San Francisco calendar to enable respondent to obtain and furnish such certificate. Thereafter, and on the same day, November 5, 1923, appellant filed herein his transcript upon appeal. The motion came on for hearing thereafter, on March 11, 1924, at which time there was on file herein a certificate of the trial judge certifying that no proposed bill of exceptions herein had ever been presented to him for settlement or approval; that he had never been requested to settle any bill of exceptions herein and that no notice had ever been presented to him requesting a transcript of testimony, and that he had made no order for any such transcript of testimony, and that no such transcript as is provided by section 953a of the Code of Civil Procedure had ever been presented to him for approval, certification, or settlement. At said hearing counsel for appellant conceded that he was not entitled to be relieved from his default under the provisions of section 473 of the Code of Civil Procedure, for the reason that the six months' period therein limited had long since elapsed.

[1] We are of the opinion that the motion to dismiss should be granted. At the time it first came on for hearing respondent was then entitled under the law and under the rules of this court to a dismissal of the appeal, in the absence of circumstances in excuse of appellant's delay. His motion would have been granted at that time but for his inability to then furnish the certificate of the trial judge

above referred to, which inability was due to no fault or negligence on the part of counsel for respondent. We arrive at this conclusion the more readily by reason of the fact that we have examined the transcript, which is now on file, together with appellant's opening brief, and are of the opinion that nothing is shown therein which would justify a reversal of the judgment appealed from.

The appeal is dismissed.