[Civ. No. 10809.   First Appellate District, Division One.—March 27, 1939.]

CHARLOTTE M. HOHNEMANN et al., Minors, etc., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

J. A. Bardin, Paul C. Dana and Bronson, Bronson & Mc-Kinnon for Appellants.

Thomas J. Straub, W. H. Spaulding and Clinton F. Stanley for Respondent.

KNIGHT, J.—Plaintiffs brought an action for the recovery of damages on account of the death of their monther, who was fatally injured by an explosion of gas. The trial court directed a verdict in favor of the defendant, and judgment was entered accordingly. Plaintiffs took an appeal pursuant to the alternative method provided by section 953a of the Code of Civil Procedure, and in conformity with the requirements of said section filed a request for a transcript. Thereafter defendant moved that the proceedings for the preparation of the transcript be terminated, the ground of the motion being lack of diligence on the part of plaintiffs in prosecuting the proceedings to obtain the transcript. The motion was denied, and shortly afterwards the transcript was duly settled and certified by the trial judge and filed in this court; and subsequently plaintiffs filed their opening brief. In the meantime, defendant took an appeal from the order denying its motion to terminate said proceedings; but the appeal was dismissed on motion of plaintiffs upon the ground that said order was not appealable. (*Hohnemann* v. *Pacific Gas & Elec. Co.*, 29 Cal. App. (2d) 551 [85 Pac. (2d) 151].) However, such dismissal was entered without preju-

dice to the right of defendant to proceed by way of motion for the dismissal of plaintiffs' appeal, and to use as the basis therefor the record upon which defendant had taken its ineffectual appeal. Such a motion was made, and is now before this court for determination.

As to the law governing a proceeding of this kind, it is well settled that when, as here, an appellant has complied with the jurisdictional requirement of said section 953a by filing the notice and request mentioned therein, and it is claimed by the respondent that on account of lack of diligence on the part of the appellant or the court officers, or for any other cause, there has been unreasonable delay in procuring the transcript, the respondent's only remedy is by way of motion in the trial court to terminate the proceedings for the preparation of the transcript; that neither by statute nor court rule is there any mandatory provision prescribing a limit to the time within which the transcript is to be prepared, and that the determination of the question of whether the delay complained of has been unreasonable or is justifiable is committed very largely to the discretionary power of the trial court, which power should be liberally exercised against terminating the proceedings for the preparation of the transcript; and that whether the trial court grants or denies the motion therefor, its decision in the matter will not be disturbed by a reviewing court unless it clearly appears from the record upon which the trial court's decision is based that its discretionary power has been abused; also that it is seldom that the facts of any particular case can be used as a precedent for the determination of another proceeding of like character. (*Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438]; *Smith* v. *Jaccard*, 20 Cal. App. 280 [128 Pac. 1023]; *Town of Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 Pac. 253]; *Laykin* v. *Karsh*, 117 Cal. App. 687 [4 Pac. (2d) 619]; *Shutz* v. *Western Wholesale L. Dist.*, 24 Cal. App. (2d) 659 [76 Pac. (2d) 135].)

In the present case, as defendant points out, there was a lapse of two years between the dates of the filing of the request for the transcript and the filing of its motion to terminate the proceedings for the preparation thereof; but it appears from the affidavits filed in behalf of plaintiffs in opposition to the motion to terminate that counsel for defendant granted them leave orally to take whatever time they

desired to obtain said transcript. In this regard it was averred that shortly after plaintiffs filed their request for the transcript, and on August 31, 1935, counsel for defendant signed a stipulation extending plaintiffs' time for 30 days to procure said transcript, and at the same time advised plaintiff's counsel that plaintiffs could have as much time thereafter as they desired to prepare, serve and file said transcript, and that it would not be necessary for them to secure any further written stipulation therefor. Continuing, it was averred that relying upon said verbal stipulation and due to the fact that the attorney who tried the case for plaintiffs and was in charge of the appeal was engaged almost constantly for the ensuing two years in the trial of jury cases in some nine or ten different counties in the state, and having received no word of dissatisfaction from defendant's counsel about the delay, counsel for plaintiffs allowed the matter of the preparation of the transcript to lie dormant until August 14, 1937; that on that date plaintiffs made full payment of $275 to the reporter for a completed transcript, but for reasons given by the reporter at the time, he was unable to begin the transcription until October 20, 1937, and on November 24, 1937, when the transcript was just about completed, defendant filed its motion to terminate the proceedings for the preparation thereof. Said motion was noticed for hearing on December 2, 1937, but the hearing thereof was postponed from time to time, by consent of the parties, and was not heard until the end of January, 1938. Meanwhile the transcript had been completed and at the time of the hearing of the motion was on file in the trial court. It further appears from said affidavits that up to the time defendant filed its motion to terminate, it had made no complaint whatever about the delay, nor indicated in any manner that it intended to invoke such remedy. A counteraffidavit was filed by counsel for defendant wherein he denied having granted any such leave, or any additional time beyond that called for by the written stipulation. But in view of the trial court's adverse ruling on defendant's motion to terminate, the facts averred in the affidavits filed by plaintiffs in opposition to said motion must here be taken as true; and accepting the same as true, we are not prepared to hold as a matter of law that the trial court abused its discretionary power in denying defendant's motion.

It is doubtless true, as defendant argues, that the mere fact that an attorney has been devoting his entire attention to other cases will not serve as legal justification for a delay of two years in obtaining a transcript, especially where the only thing necessary to be done to start the transcription is to make arrangements with the reporter for the payment thereof. But in the present case, as will be noted, there is an implied finding by the trial court supported by affidavits that defendant's counsel agreed that plaintiffs could have unlimited time, without written stipulation, to obtain the transcript. Therefore, since it appeared that the filing of defendant's notice of motion to terminate was the first indication of its intention to revoke said agreement, and that at the time said motion was heard the completed transcript was actually on file and ready for certification, it would seem that the trial court was not unwarranted in concluding that the motion should be denied.

In none of the cases cited by defendant does it appear that there was any such agreement between the parties as we have here; nor does defendant make any contention that the agreement here relied on by plaintiffs was not binding because it was not in writing.

The motion to dismiss is denied.

Tyler, P. J., and Ward, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 26, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1939.