21 Cal.2d 845 (1943)
LELAND S. MURPHY et al., Respondents,
v.
THEODORE KRUMM et al., Appellants.
L. A. No. 18481. 
Supreme Court of California. In Bank. 
Apr. 12, 1943.
 Theodore G. Krumm and R. Bruce Findlay for Appellants.
 Ernest Clewe and U. F. Lewis for Respondents.
 CURTIS, J.
 This is a motion by plaintiffs to dismiss the appeal of defendants because of the latter's failure to present their record on appeal within the time required by law.
 The following chronology of events is material to the consideration of this motion: On June 23, 1941, the judgment in question was rendered and from the respective adverse portions thereof plaintiffs and defendants took separate appeals. On August 18, 1941, the parties stipulated that both appeals might be heard on a single transcript and "that each appellant will pay his own filing fee in the Court of Appeal." On October 3, 1941, the clerk's and reporter's transcripts were delivered to the clerk of the District Court of Appeal, Fourth District, and he gave notice of such receipt to the respective parties. On October 4, 1941, the filing fee of plaintiffs as appellants was paid and the transcripts were filed. On October 27, 1941, the parties entered into a stipulation, approved by order of said District Court of Appeal, whereby defendants were given until November 30, 1941, in which to file their opening brief, plaintiffs were allowed thirty days thereafter to answer and file their opening brief, and defendants were then to have thirty days in which to file their reply brief. No extension of time beyond November 30, 1941, *848 for the preparation, service and filing of defendants' opening points and authorities have been granted either by order of court or by counsel for plaintiffs. On March 5, 1942, and in response to notices received during the prior two months from plaintiffs' counsel objecting to the delay in the filing of defendants' opening brief and warning that such continued course of procrastination would provoke a motion to dismiss defendants' appeal, defendants' counsel notified plaintiffs' counsel that said brief was then in the hands of the printer and would be ready on or before March 15, 1942. Plaintiffs' notice of motion to dismiss defendants' appeal was served and filed on May 18, 1942, and it specified June 9, 1942, as the day for hearing before the above-mentioned District Court of Appeal. In support of their motion to dismiss, plaintiffs on May 28, 1942, filed a certificate of the county clerk of the county wherein the action was tried. On said last-mentioned date, that is on May 28, 1942, defendants paid their filing fee, and on June 5, 1942, they filed their opening brief.
 The motion to dismiss was heard by said District Court of Appeal on June 9, 1942, as calendared, and was denied by order of June 12, 1942. (126 P.2d 908.) For the purpose of clarifying a misapprehension of the principles of law governing the disposition of such motion, this cause and the motion were transferred to this court in response to plaintiffs' petition for hearing filed herein.
 [1a] It is argued that regardless of defendants' delay both in the payment of the fee prescribed for the undertaking of an appeal and in the filing of points and authorities as above detailed, the attendance to these matters prior to the hearing of the motion to dismiss will of itself, justify a denial of the relief sought on this proceeding. While there is a line of decisions in this state supportive of this proposition (Toth v. Metropolitan Life Ins. Co., 113 Cal.App. 55 [297 P. 564]; North v. Evans, 114 Cal.App. 714 [300 P. 893]; Snodgrass v. Hand, 125 Cal.App. 265 [13 P.2d 769]; Lisle v. Ragle, 10 Cal.App.2d 758 [52 P.2d 608]; Graybiel v. Consolidated Assns., Ltd., 14 Cal.App.2d 547 [58 P.2d 665]; Steiner v. Davis, 21 Cal.App.2d 334 [69 P.2d 184]; Hall v. Wolford, 22 Cal.App.2d 537 [71 P.2d 596]; Southern Counties Thrift Co. v. Rairdon, 43 Cal.App.2d 149 [110 P.2d 679]), these cases, by reason of their conflict with the plain language of rule V of the Rules for the Supreme Court and District Courts of Appeal and its uniform interpretation by this court, *849 are of no avail here. In none of these cases was a petition for hearing made to this court.
 Rule V of said rules of court provides as follows:
 "If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." (Italics ours.) [2] That rule has the force of positive law so far as the rights of the parties are concerned. (Brooks v. Union Trust etc. Co., 146 Cal. 134, 138 [79 P. 843]; Helbush v. Helbush, 209 Cal. 758, 763 [290 P. 18].) [1b] The right of the complaining party to a dismissal must be determined by the facts as they exist at the time the notice of motion is given, and it is not destroyed by the mere subsequent filing of the necessary document. (Shain v. People's Lumber Co., 98 Cal. 120, 122 [32 P.878]; McCabe v. Healey, 139 Cal. 30, 32 [72 P. 359]; Raisch Improvement Co. v. Arata, 193 Cal. 573, 574 [226 P. 399].)
 [3] While it thus appears that defendants have no legal grounds upon which to stand in opposing the present motion, there remains to be determined whether sufficient excuse is shown on their behalf to warrant a relaxation of the pertinent rule. (Chapman v. Bank of California, 88 Cal. 419, 420 [26 P. 608]; Ward v. Healy, 110 Cal. 587, 589 [42 P. 1071].) Careful examination of the affidavit filed by one of defendants' counsel compels the conclusion that it does not furnish an adequate basis for the denial of plaintiffs' motion. Conceding for the sake of argument that such affidavit, despite its sketchy character and broad generalities, might serve to explain affiant's lack of diligence herein by reason of the pressure of his business and his ill health during a portion of the default period in question, there is no showing made as to why affiant's associate counsel in this matter could not have proceeded with the prosecution of defendants' appeal or at least have applied to the appellate court for necessary extensions of time within which to file defendants' points and authorities. No such protective steps were taken and no good cause has been shown for such neglect. Moreover this certainly is not a case where the delay subject of complaint is slight and has not appreciably postponed the hearing of the appeal on its merits. (Chapman v. Bank of California, supra, *850 at p. 421.) Following defendants' receipt of notice of the delivery of the transcripts to the clerk of the above-mentioned District Court of Appeal, well-nigh eight months elapsed before they paid the requisite fee for their appeal, and an additional period of one week passed before they filed their opening brief, a document consisting of but nineteen pages and yet long tardy under the measure of the time-limiting factors involved herein. While appellate courts are loath to dismiss appeals, without consideration on the merits, for failure to comply with rules of procedure, such rules are essential to the orderly handling and dispatch of the courts' business and create rights which an adverse party is entitled to enforce. (Shain v. People's Lumber Co., supra, at p. 122; McCabe v. Healey, supra, at p. 32.) Under the present circumstances a failure to grant plaintiffs' motion, if not a complete abuse of discretion, would at least constitute an unwarranted disregard of the rule here in point. To uphold and respect such rule defendants' appeal must be dismissed. (Hoyt v. San Francisco etc. R. R. Co., 87 Cal. 610, 613 [25 P. 160, 1066].)
 Plaintiffs' motion is granted and defendants' appeal is dismissed.
 Gibson, C.J., Shenk, J., and Edmonds, J., concurred.
 CARTER, J.
 I dissent. In my opinion the appellant had the right to rely upon the interpretation placed upon rule V of the Rules of the Supreme Court and District Courts of Appeal by the many decisions of the District Courts of Appeal cited in the majority opinion. True, that interpretation did not constitute a strict construction of said rule, but it had been uniformly applied by the District Courts of Appeal since the adoption of the rule. Furthermore, the appeal of this case was within the jurisdiction of the District Court of Appeal and that court should not be denied the right to decide the case on its merits if it is disposed to do so.
 PETERS, J. pro tem.
 I dissent. I agree with the majority opinion that, as a matter of law, it is no answer to a motion to dismiss to comply with rule V after the motion is made. But there can be no doubt that the court in which the appeal is pending has the power, upon good cause, to waive the default. The appeal was within the jurisdiction of the appellate court. The discretion vested by the rule is vested in that court. The Supreme Court has the power to *851 review the determination of the appellate court, but the question is not whether the Supreme Court would have dismissed had its power been invoked, but whether the appellate court, as a matter of law, abused its power. In my opinion the showing here, while weak, was sufficient to permit the appellate court to exercise its discretion. That being so the holding of the appellate court is binding on the Supreme Court.
 Traynor, J., concurred.