[Civ. No. 3320. Fourth Dist. Sept. 13, 1943.]

MARGUERITE K. COOKE, Respondent, v. DOROTHEA DYER COOKE, as Executrix, etc., Appellant.

Bertrand L. Comparet and John A. Rowe, Jr., for Appellant.

R. M. Switzler for Respondent.

MARKS, J.—This is a motion to dismiss the appeal of Dorothea Dyer Cooke, as executrix, because of delay in filing the record on appeal.

The action was filed on March 14, 1941. Judgment was entered on August 10, 1942. Motion for new trial was denied on August 28, 1942. Notice of appeal and request for clerk's and reporter's transcripts followed. On June 24, 1943, an order to show cause why the proceedings to secure transcripts should not be terminated was issued. On June 30, 1943, the trial judge denied the motion to terminate the proceedings to secure the transcripts and on August 10, 1943, the transcripts were certified and presented for filing in this court on August 19, 1943. The filing fees were promptly paid and the filings completed. On the face of the record the filings here were timely.

A motion to terminate proceedings for the preparation of a transcript is generally addressed to the sound discretion of the trial judge presiding in the court in which that document is being or should be prepared. Unless an abuse of discretion is shown, the decision of the trial judge on that question will not be disturbed by an appellate court. (*Shutz v. Western Wholesale Liquor Distributors,* 24 Cal.App.2d 659 [76 P.2d 135]; *Hohnemann v. Pacific Gas & Electric Co.,* 31 Cal.App.2d 692 [88 P.2d 748]; *Walker v. Etcheverry,* 38 Cal. App.2d 611 [101 P.2d 709]; *Colburn Biological Institute v. DeBolt,* 6 Cal.2d 631 [59 P.2d 108].)

The record on this motion to dismiss the appeal shows nothing concerning what occurred at the time of the denial of the motion. Therefore it contains nothing pointing to an abuse of discretion on the part of the trial judge in denying the motion. On the other hand, the presumption of the regularity of orders of the superior court comes to the support of the ruling. Assuming, but not holding, that this question may be

raised on this motion to dismiss the appeal, we cannot grant it because the record fails to support the argument of the plaintiff that there was an abuse of discretion on the part of the trial judge in denying the motion for an order terminating the proceedings for the preparation of the transcripts.

The motion to dismiss is denied.

Griffin, Acting P. J., concurred.