[Civ. No. 18126.   Second Dist., Div. One.   Dec. 1, 1950.]

EDWARD  L.  THORNBURG  et al., Respondents,
v. SAM  RAIS et al., Appellants.

William Ellis Lady for Appellants.

Aaron Levinson and Albert E. Marks for Respondents.

DRAPEAU, J.—This is a motion to dismiss an appeal from a minute order appointing a receiver made on November 17, 1949, and entered on November 30, 1949.  The motion is supported by a certificate of the clerk of the superior court dated August 30, 1950.  Such certificate conforms to rule 42 of the Rules on Appeal and recites that complaint for declaratory relief, dissolution of joint venture and partition was filed March 9, 1949.  After fully describing the nature of the action, the certificate further recites that the minute order of November 17, 1949, appoints one Walter H. Robinson as receiver in the within entitled action; that notice of appeal therefrom was filed by defendants in the Supreme Court on November 18th; that on November 28th, defendants' counsel filed with the clerk of the lower court a request for clerk's and reporter's transcripts; that on February 1, 1950, a notice by said clerk showing the estimated cost for preparation of reporter's transcript was mailed to defendants' counsel (rule 4c of Rules on Appeal); that likewise on March 8, 1950, said

clerk mailed to such attorney a notice of the estimated cost for the clerk's transcript (rule 5 of said rules).

By its order the lower court extended the time to May 2, 1950, within which to make deposit with the clerk for preparation of the record on appeal. That up to August 30, 1950, no arrangement had been made with said clerk for payment of these transcripts; hence no transcript has been certified or filed.

The instant motion to dismiss was served on appellants on August 31, 1950, noticed to be heard on September 27, 1950, in the Supreme Court. Subsequently, the matter was transferred to this court whereupon an amended notice was served on appellants on September 29th, noticed to be heard on October 24, 1950.

On October 19, 1950, appellants Rais served and filed in this court their motion under section 473, Code of Civil Procedure, and rule 53(b) of the Rules on Appeal, for relief from default in preparing and filing the record on appeal; and that they be given additional time in which to have such record prepared and filed. They further move this court for an order that they "be not required to furnish a separate reporter's transcript for use in support of the above mentioned appeal," but that such appeal be heard on the reporter's transcript now being prepared in connection with pending appeals from the judgment on the merits entered June 5, 1950, in the instant litigation, as well as from judgments in two other cases tried jointly therewith.

Respondents filed written opposition to appellants' motion for relief from default on October 24, 1950, when the motions of both parties were argued before this court.

█ The ground for respondents' motion to dismiss is the failure of appellants to file the record on appeal. (Rules 5 and 10a of Rules on Appeal.)

As was very aptly stated by the court in *Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426, 431 [156 P.2d 969]: "In determining whether to relieve from default we are faced with two conflicting policies. There is, of course, a strong public policy in favor of hearing appeals on their merits, and of not depriving a party of his right of appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith. On the other hand, a respondent is likewise entitled to consideration. He is entitled to have the appellant proceed with expedition, and if the appellant fails to comply with the rules, to have the appeal dismissed. But this right

to dismissal is not absolute, except for failure to file the notice of appeal. Under the rules, the trial court may grant extensions not to exceed 90 days, the appellate court may grant additional extensions (rule 45(c)), and the appellate court may relieve from default (rule 53(b)). In determining whether an appellant should be relieved from default, various factors must be considered such as the length of the default, the circumstances surrounding the default, the relative injury that will flow to either party by granting or denying the relief, the nature of the default and other factors. Each case must turn on its own facts, and precedents are of little value.''

Rule 53(b) provides that the reviewing court may for good cause relieve a party from default occasioned ''by any failure to comply with the new rules, except the failure to give timely notice of appeal.''

Appellant Sam Rais and his counsel have filed affidavits in support of the motion for relief from default. It is shown by these that after the appeal was taken from the order appointing the receiver, appellants filed a bond for $30,000 to stay execution pending the appeal. That they then proceeded to a hotly contested trial of the issues presented by the pleadings in the three consolidated cases. This trial took some time and resulted in judgments entered on June 5, 1950, in favor of respondents. On August 3, 1950, appellants' motions for new trial therein were denied and on September 1, 1950, they filed their notices of appeal from the judgments.

Within the time allowed by law, appellants deposited $543.30 to cover the cost of the clerk's transcript, and on September 27, 1950, they were notified that the cost of the transcript of the testimony taken at the trial of these three cases would be $9,850, including the arguments, or $6,000, excluding the same. They elected to take the latter, and on October 16, 1950, deposited with the reporter $2,000 on account of such cost of $6,000, and now aver that they are prepared and intend to pay the balance thereof from time to time as the transcript is written up.

While the delay complained of is not to be condoned, we believe it is excusable owing to the peculiar circumstances here existing.

All of the appeals hereinbefore mentioned are closely related and interwoven, apparently arising out of the same controversy. Therefore, instead of harming respondents, it

would be advantageous to all concerned to have the appeal from the order in question decided contemporaneously with the appeals from the judgments.

The motion to dismiss the appeal is denied. And it is ordered: (1) that appellants forthwith deposit with the clerk of the lower court the sum of money required to prepare and file the clerk's transcript on appeal from the order; (2) that such appeal be heard on the reporter's transcript to be prepared and filed in the appeals from the judgments, and that appellants within five days either deposit with the clerk the amount of cash equal to the estimated cost of preparation of such reporter's transcript, or file with such clerk a waiver of such deposit signed by the reporter, as required by the Rules on Appeal.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 1, 1951.