[Civ. No. 21344.   Second Dist., Div. One.   Oct. 18, 1955.]

MABEL WINKLER et al., Appellants, v. SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP (a Partnership), etc., et al., Respondents.

D. Wendell Reid for Appellants.

Chase, Rotchford, Downen & Drukker and Richard T. Drukker for Respondents.

DRAPEAU, J.—Motion to dismiss the appeal of Mabel Winkler and Clarence M. Winkler, plaintiffs in the above entitled action. They secured a judgment in the superior court for $20,000 against two of the defendants named in their complaint, for medical malpractice.

These two defendants appealed from the judgment. Plaintiffs appealed also from that part of the judgment in favor of certain other defendants.

In opposition to the motion to dismiss their appeal, plaintiffs aver that they are seeking to insure that in the event the judgment should be reversed and the case sent back for a new trial it may then be tried as against all of the defendants named in their complaint and not against the two now remaining in the case.

Plaintiffs' notice of appeal was filed March 25, 1955. They have failed to provide a clerk's or reporter's transcript, as required under rules 5 and 10 of the Rules on Appeal. Therefore, this court has the power to dismiss their appeal.

However, no one has been harmed. Under their appeal, defendants have furnished these transcripts. Under no logical reasoning should plaintiffs be required to furnish additional copies, especially as it appears that they are people of limited means, and financially unable to pay for the transcripts.

A respondent has no absolute right to have an appeal dismissed for appellant's failure to comply with the Rules on Appeal, except in the single case of failure to file the notice of appeal on time. (*Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426, 431, 432 [156 P.2d 969].) It was said in that case that while respondents are always entitled to consideration, there is a strong public policy in favor of having appeals heard on their merits and not depriving litigants of their right to appeal because of technical noncompliance with the Rules on Appeal. Also that in considering a motion to dismiss an appeal the court should balance the relative injury that will flow to either party by granting or denying the relief.

Therefore, the motion to dismiss the appeal is denied,

and plaintiffs are relieved from their default. When the case is determined on its merits this court may then apportion the costs of the transcripts between plaintiffs and defendants. Plaintiffs are granted permission to file a supplemental clerk's transcript which shall contain their notice of appeal.

Plaintiffs move for an extension of time to file briefs, to consolidate records on appeal, and to allow them to use the copies of the clerk's and reporter's transcripts now on file. No particular comment on these motions is necessary. Plaintiffs have the right to use the clerk's and reporter's transcripts now on file in the office of the clerk of the superior court. There is but one case and one record, and no order to consolidate the record is necessary. To settle any question as to the briefs, it is ordered that defendants have 30 days from the date of this opinion to file their opening brief.

White, P. J., and Doran, J., concurred.