[Civ. No. 7565.   Third Dist.   Dec. 9, 1948.]

ELDEN W. CLEMENT, Appellant, v. THE RECLAMA-
TION BOARD OF THE STATE OF CALIFORNIA
et al., Respondents.

E. Vayne Miller for Appellant.

Fred N. Houser, Attorney General, Robert E. Reed, Deputy
Attorney General, Robert O. Curran and Henry Holsinger
for Respondents.

THOMPSON, J.—This is a motion by defendant, under
rule 10 of Rules on Appeal, to dismiss the appeal for failure
of the plaintiff to file the transcript on appeal within the
time allowed, and a countermotion by appellant to be relieved
from default on account of failure of the court reporter and
court officers to perform their duties with respect to the

settlement of the transcript to which the defendant had offered proposed amendments. The motions were heard upon affidavits filed by the respective parties.

The plaintiff brought suit October 16, 1944, in Colusa County for injunctive relief and damages for flooding his land as a result of alleged negligence of the defendant. The cause was tried by a jury, which returned a verdict for the defendant. Judgment was rendered accordingly on April 11, 1946. A motion for new trial was denied. Notice of appeal was served and filed May 23, 1946. The trial lasted 13 days, and the transcript of evidence contains 1,530 pages. May 28, 1946, plaintiff gave notice to the clerk of the trial court, pursuant to rule 4 (a) of Rules on Appeal, to prepare the reporter's transcript. The clerk promptly notified the reporter of that request. The estimated reporter's fees, in the sum of $1,500, were paid within the time prescribed by rule 4 (c). The transcript was not filed with the clerk within 30 days from the time the clerk notified the reporter to prepare the transcript. The reporter agreed to procure the necessary extensions of time for that purpose. The affidavit of appellant indicates that the transcript was filed with the clerk October 19, 1946, which was within 90 days of the maximum time allowed for extensions of time as provided by rule 45 (b). The clerk by mail notified both parties of such original filing. October 23, 1946, the defendant filed with the clerk, pursuant to rule 8, specified proposed amendments to be made to the transcripts as filed. Notice thereof was promptly given by the clerk. The clerk set the hearing for settlement of the transcripts, pursuant to rule 8 (b) for October 28, 1946, and notified the parties thereof.

The proposed amendments to the transcripts were not determined by the trial judge until January 28, 1948, at which time all of defendants' proposed amendments were allowed. Neither party was present at that time. The court then directed the said corrections to be made by the reporter. The reporter was then absent, having moved to Los Angeles. The corrections were not made until May, 1948, at which time the transcripts, as amended, were filed with the clerk. The transcripts were not filed in this court until July 1, 1948. Respondents' motion to dismiss the appeal was then filed in this court August 13, 1948. That motion was heard on October 4th. Before that hearing, and on October 2d, appellant filed his opening brief, consisting of 88 printed pages, on the merits of the cause.

The affidavits on these motions are somewhat conflicting. The questions to be determined are: (1) By whose fault was the unusual delay in settling and filing the transcripts caused, and (2) Was the court authorized to settle the transcripts as amended?

In the affidavit of E. Vayne Miller, one of the attorneys for plaintiff, it is averred: That the clerk did not notify the court reporter, pursuant to rule 4 (d), until about June 8, 1946, to prepare the transcript; that, in the latter part of July of that year, he interviewed the reporter who informed him that it would be impossible to transcribe the record of a 13 days' trial within 30 days, and that he would require an extension of that time; that the reporter then informed affiant he would secure such additional time as would be necessary for him to prepare the transcript. Mr. Miller avers that he therefore relied upon the officer to obtain whatever necessary time he required to complete the transcript. ▉ It is common knowledge that court reporters frequently assume the responsibility of securing additional time to enable them to transcribe the evidence of lengthy trials. It is not unreasonable to assume the appellant was justified in relying on the reporter, who is a court officer, to obtain the additional time required. It would be a harsh penalty to impose on an appellant who had paid within the statutory time $1,500 for his transcript on appeal, to dismiss the action for an omission due to the fault of the reporter, who is an officer of the court.

▉ We conclude that this appeal should not be dismissed for failure of appellant to personally procure extensions of time within which to originally file the transcripts with the clerk, since they were actually filed within 90 days from the time when the clerk notified the reporter to prepare them, and because appellant's attorney was misled by the reporter's assurance that he would obtain the necessary extensions of time.

It is true that a little more than a year elapsed from October 28, 1946, which was the date the clerk first set for the hearing of the settlement of defendants' proposed amendments, before the judge finally allowed the corrections and ordered the settlement of the transcripts on January 28, 1948. There is a conflict in the affidavits regarding the causes of the numerous continuances of that hearing. On one or two occasions that hearing was continued because defendants' attorney was engaged in other trials and was unable to be

present at the hearing. The first continuance was granted because, while the proposed transcripts were filed with the clerk, appellant's attorney had not been furnished copies thereof as he had requested, and he was unable, on the short notice given, to compare the proposed amendments with the transcripts to ascertain their merits. It also appears that some continuances were necessary on account of the absence of the judge or because he was engaged in the trials of other cases, in Los Angeles, or elsewhere.

It is also true that another long delay occurred after January 28, 1948, before the allowed corrections were actually made and the transcripts filed with the clerk, as engrossed, on July 1, 1948. But the judge directed the transcripts to be amended "by the reporter." He did not fix the time within which the corrections should be made, as provided by rule 8 (b), which provides in part: ". . . If corrections are allowed by the judge, *he shall fix the time* within which they shall be made by the clerk or reporter." (Italics added.) The Rules on Appeal fail to limit the time within which amendments to a transcript which has been filed with the clerk shall be made. Appellant's attorney avers that the judge informed him there was no limitation of time within which amendments may be considered or allowed; that he tried to contact the reporter to urge the engrossment of the transcripts pursuant to the court's order, but that the reporter had moved to Los Angeles and he was unable to obtain his address. It also appears that the trial judge had been assigned by the Judicial Council to preside in the trial of cases in southern California during November and December, 1947, and for an undetermined period of time, during which he was absent from Yolo and Colusa counties and therefore the engrossing of the transcript was delayed. Since the judge had directed the reporter, only, to make the corrections allowed in the transcripts, the clerk did not do so, and they were not in fact made by any officer until July 1, 1948.

▮ It is the policy of the law to hear appeals on their merits. (*Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426, 431 [156 P.2d 969].) At the time of the present motion to dismiss the appeal the settled transcripts were filed. We must assume the appeal was taken in good faith and that it has merit. The appellant has incurred a large expense of about $1,500 in preparing the transcripts on appeal. In view of the fact that much of the unusual delay was due to derelictions of the court officers and not to the appellant, we think, in the

interest of justice, defendants' motion to dismiss the appeal should be denied under the circumstances of this case. Each motion to dismiss should be determined on its particular facts.

Defendants' motion to dismiss the appeal is denied. Appellant's motion to be relieved of default is granted.

Adams, P. J., and Peek, J., concurred.