[Civ. No. 7554. Third Dist. Dec. 9, 1948.]

ANGELINA AMORUSO, Appellant, v. ARCHIE L. CARLEY et al., Respondents.

Frank L. Murphy for Appellant.

William A. Sitton for Respondents.

PEEK, J.—This is a motion to dismiss plaintiff's appeal from a judgment which was entered on September 8, 1947, and from the order denying plaintiff's motion for a new trial filed on November 10, 1947. The motion is predicated on rules 4(d) and 10(a) of Rules on Appeal, and is supported by the affidavit of one of the attorneys for respondent together with the certificate of the clerk of the superior court under rule 42.

From the affidavits on file herein and from the clerk's certificate it appears that the complaint, which was for specific performance of a contract of sale of real property, was filed on December 18, 1946, and that the defendants answered denying the material allegations thereof and by way of cross-complaint prayed that their title be quieted as against plaintiff's claim. The judgment directing that plaintiff take nothing and that defendants' title be quieted upon condition that defendants reimburse plaintiff for certain sums expended for payment of taxes, was filed on September 8, 1947, and the order denying plaintiff's motion for a new trial was entered on November 10, 1947. On December 4, 1947, the notice of appeal was filed by plaintiff, and on the same day there also was filed a notice to the clerk to prepare the transcript on appeal. No order extending the time for preparation of the record was filed nor was the record filed as of the date of the certificate, to wit: June 4, 1948. Also the estimated cost of the reporter's transcript had not been deposited nor had the reporter in writing waived the same as provided in said rules.

Plaintiff's opening brief was filed on September 1, 1948, and on September 2, plaintiff's counsel under rule 53(b) filed his application for relief from default as charged by defendants. Said application does not deny the facts constituting the default under the provisions of rules 4(d) and 10(a) as set forth in respondents' motion but in mitigation and excuse thereof avers that the only notice he or his client

ever received concerning the cost of preparation of the reporter's transcript was that contained in a letter from the clerk of the court which, in addition to informing him of the cost of the clerk's transcript, stated that the "cost of the Reporter's Transcript on Appeal will be given to you later by the Court Reporter"; that appellant promptly paid the cost of the clerk's transcript and has at all times been ready, willing and able to pay the cost of said reporter's transcript; that any omission in the compliance with said rules was not due to appellant; that the case was reported by two separate reporters and bears two certificates, one dated May 4, 1948, and one dated June 7, 1948; that he is informed that said transcript was actually prepared and ready for filing on May 4, 1948, or approximately one month prior to the filing of respondents' motion to dismiss, but that he was not informed of such fact by the reporter; that he inquired from time to time of the reporter concerning the progress of the preparation of the transcript and whether an extension had been obtained in accordance with the rules, to which inquiry the reporter always replied that he had obtained all necessary orders extending the time for filing, and that the failure to comply with rules 4(d) and 10(a) was not the fault of the appellant.

In view of appellant's concession that a default exists the only question for determination is whether there are sufficient mitigating circumstances shown to warrant this court in granting the relief requested. As stated in *Jarkieh* v. *Badagliacco*, 68 Cal.App.2d 426, 431 [156 P.2d 969], there is a "strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right of appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith"; that while this is the policy nevertheless a respondent is likewise entitled to consideration, i.e., to have the appellant proceed with expedition, and if he fails in this regard, to have the appeal dismissed, but that the right of dismissal "is not absolute," except under certain conditions. The opinion therein concluded that for a reviewing court to intelligently exercise the discretionary power so lodged with it under said rule 53(b) it is necessary to fully consider all of the facts and circumstances surrounding the particular default, and as each case must be determined in the light of its own facts, "precedents are of little value."

Applying this rule to the facts in the present case it appears that counsel for appellant promptly paid for the preparation

of the clerk's transcript and there seems to be no reason why it should not be assumed that he would have done likewise as regards the costs for the preparation of the reporter's transcript had he been informed of the amount thereof. ■ It is common knowledge that attorneys frequently arrange for the payment of the reporter's fees and it might well be argued that such a letter as counsel for appellant received from the clerk of the court, together with the reporter's failure to inform counsel of the cost, would constitute a waiver within the meaning of rule 4(c). ■ The default of counsel for appellant in failing to pay the reporter's fees under the circumstances of this case does not necessarily preclude the application of that portion of rule 53(b) relative to the relief from default.

Respondents' second contention relates to the failure of appellant to file the reporter's transcript as provided in rule 10(a).
■ It cannot be denied that counsel for appellant was in default in this regard. However, he attempts to escape the fatal effect thereof by a showing in his affidavit that any failure to comply with said rule was that of the court reporter—a court officer—and not the failure of counsel. Hence he comes within the exception of the rule that an appeal may be dismissed only if the failure is the fault of appellant and ''not of any court officer or any other party.''
■ Counsel for respondent does not controvert the averments of appellant's counsel concerning his inquiries of the reporter regarding the state of the record and if extensions of time had been obtained. Therefore, if, as stated in the case of *Clement* v. *Reclamation Board, ante,* p. 115 [200 P.2d 196], it is common knowledge that reporters frequently assume the responsibility of securing additional time to enable them to transcribe the evidence and therefore ''It is not unreasonable to assume the appellant was justified in relying on the reporter, who is a court officer, to obtain the additional time required,'' then such assumption would apply with equal validity to the facts presented in the instant case.

It further appears from said affidavits, and without denial, that at least one portion of the reporter's transcript actually was prepared and ready for filing approximately one month prior to the filing of respondents' motion to dismiss. In this connection an examination of said transcript would appear to lend credence to the statement of appellant's counsel. It shows that the reporters who reported the case executed two

certificates, one being dated June 7, 1948 and the other bearing the typewritten date of May 4, 1948, which latter date has been crossed out and the date of June 7 inserted by pen and ink.

We must assume the appeal was taken in good faith and has merit, and although the record herein does not disclose the substantiality as is shown in the Clement case, *supra*, yet the issues and the amount involved may well be to these litigants of greater importance and a greater burden than that in the Clement case. However, it cannot be denied that appellant's counsel has been dilatory in the prosecution of this appeal. Nevertheless, by reason of the rule as stated in the Jarkieh case we are constrained to hold that such dereliction under the circumstances should not be visited upon the appellant.

It is ordered that respondents' motion to dismiss under rules 4(d) and 10(a) be denied, and appellant's motion to be relieved of default under rule 53(b) be granted.

Adams, P. J., and Thompson, J., concurred.